HOLT MARINE TERMINAL, INC. and
Holt Hauling & Warehousing Systems,
Inc., Plaintiffs,

v.

UNITED STATES LINES, Defendant.

No. 77 CIV. 5064.

United States District Court,
S. D. New York.

July 20, 1978.

Shedd Moraites & Rathe, by Thomas H. Seiler, New York City, for plaintiffs.

Kirlin, Campbell & Keating by William J. O'Brien, Francis X. Nolan, New York City, for defendant.

*Memorandum Opinion and Order.*

MOTLEY, District Judge.

This is an action under the court's diversity jurisdiction, 28 U.S.C. § 1332,[1] in which a terminal operator sues a carrier for non-payment of certain charges called "gate charges". The carrier has moved that this action be dismissed or stayed pending the submission of the issues to the Federal Maritime Commission. The motion is denied since the court has determined that it is the

---

**1.** The complaint alleges the existence of admiralty jurisdiction under Rule 9(h), Fed.R.Civ.P. Although the court entertains some doubt as to this basis of jurisdiction since the action has nothing to do with navigable waters, the existence of diversity jurisdiction makes it unnecessary to reach this question. *Prince Line, Ltd. v. American Paper Exports*, 55 F.2d 1053, 1056 (2d Cir. 1932).

appropriate forum in which to try the issues in this case.

The following facts are based upon the parties' briefs and the oral argument held on June 15, 1978. Plaintiffs (referred to collectively as Holt) are related companies in the business of stevedoring and terminal operation. Holt had a contract with the Department of the Army (DOA) to load and discharge private military vehicles in containers for shipment overseas. Holt was also required to store and inspect these containers. These containers were provided by defendant United States Lines, Inc. (U. S. Lines). U. S. Lines was under contract with Military Sealift Command (MSC) to supply these containers to Holt at the request of MSC and also to ship the containers overseas. There was *no contract* between Holt and U. S. Lines.

The dispute arises under a tariff which Holt had filed with the Federal Maritime Commission. The tariff levies "gate charges" on all containers entering Holt's terminal. A brief explanation of the procedure under the Holt-DOA and U. S. Lines-MSC contracts is necessary to understand the nature of the dispute.

U. S. Lines stored its containers at a terminal some distance from Holt. At the request of MSC, U. S. Lines would ship its containers by truck to Holt's terminal for storage and eventual loading and shipping overseas on U. S. Lines' ships. U. S. Lines was charged a "gate charge" both when the container left U. S. Lines' storage terminal (owned by a terminal operator other than Holt) and when the container entered Holt's terminal.

All terminal operators customarily charge gate charges when containers enter their terminals. These charges are contained in the tariffs which the terminal operators file with the Federal Maritime Commission. A gate charge is essentially an inspection charge. Damage to the container and the truck is noted. The parties agree that the inspection is essentially performed for insurance purposes so that liability may be properly attributed to either the owner of the container, the trucker or the destination terminal in the event of damage to the container or its contents. Disputed in this action is which party benefits from the gate charges at the Holt terminal.

U. S. Lines says that it is only protected by the inspection performed by its *storage* terminal and that the inspection by Holt is a matter of indifference to U. S. Lines. U. S. Lines claims that the Holt inspection is for the benefit of only the trucker and Holt, not U. S. Lines. Holt maintains that the gate charges are properly charged to U. S. Lines.

A brief history of the dispute over which party should pay the gate charges is relevant. U. S. Lines had previously refused to pay the gate charges on the ground that Holt was a "military terminal". Carriers of military cargo are not required to pay gate charges at military terminals. The government, however, has concluded that Holt is not a military terminal. In addition, when billed for the gate charges by Holt, the government refused to pay. The Armed Services Board of Contract Appeals ruled that the government was not liable for these gate charges. Accordingly, Holt is now proceeding against U. S. Lines, the party originally billed for these charges.

*Discussion*

The court finds that a stay is inappropriate for the following reasons:

1. *The doctrine of Primary Jurisdiction is Inapplicable to the Instant Case*

 Under the doctrine of primary jurisdiction, cases must be referred to specialized governmental agencies in the first instance where the issues involve matters within the special expertise of the agency. *United States Navigation Company, Inc. v. Cunard Steamship Company, Ltd.,* 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932) (doctrine of primary jurisdiction applicable to the Federal Maritime Commission).

U. S. Lines notes that under the Shipping Act, 46 U.S.C. §§ 801, *et seq.*, the Federal Maritime Commission (FMC) is responsible for monitoring the fairness and reasonable-

ness of tariffs, such as Holt's, which are filed with the FMC. Specifically, the FMC can determine whether a charge is "reasonable". 46 U.S.C. § 816. U. S. Lines claims that the gate charges levied by Holt are unreasonable because they were levied even when no ship owned by U. S. Lines were berthed at the Holt terminal.

■ Although the doctrine of primary jurisdiction would require this court to refer a case to the FMC where the questions are particularly within the discretion and expertise of the FMC, the doctrine is inapplicable where the questions are generally legal ones and are not complicated factually or where the construction of a tariff, as opposed to its reasonableness, is at issue. Nor is resort to the FMC required where there is no particular need for uniformity in decision law. *United States Navigation Co. v. Cunard Steamship Co., Ltd., supra,* 284 U.S. at 481–82, 52 S.Ct. 247; *United States v. Pan American Mail Line, Inc.,* 359 F.Supp. 728, 732 (S.D.N.Y.1972). The Second Circuit has stated that a claim that a tariff has been violated or unequally applied is properly brought before a court. *Danna v. Air France,* 463 F.2d 407, 410 (2d Cir. 1972).

■ On the facts presented to this court, it appears that the question in this case is whether the tariff was properly applied to U. S. Lines. This is a question involving the construction of the tariff and its application to the particular factual situation in this case. The determination of these issues is particularly within the province of this court and resort to the expertise of the FMC is not necessary.

2. *This Motion is Interposed in Bad Faith for the Purpose of Delaying this Action.*

These are a number of reasons which leads this court to conclude that this motion is brought solely for the purpose of delay.

First, under § 22 of the Shipping Act, 46 U.S.C. § 821, U. S. Lines could have filed a complaint with the FMC with respect to the gate charges for which it was billed. U. S. Lines failed to do so from the time it re-

ceived its first bill for gate charges in 1973, until April 1978. U. S. Lines first raised the primary jurisdiction issue after this suit was filed and after discovery was virtually completed.

Second, until this motion in this action was filed, U. S. Lines never raised the defense that the gate charges are "unreasonable", the only basis for asserting the doctrine of primary jurisdiction. In fact, that defense is not specifically mentioned in defendant's answer (although defendant claims that the language of the answer is broad enough to encompass that defense). Prior to the filing of this action, U. S. Lines maintained that it need not pay the gate charges because Holt is a military terminal.

■ The general rule in contract cases of this sort is that if a party gives a reason for his conduct prior to litigation, he is estopped from changing his ground and offering new explanations after litigation has begun. *Ohio & Mississippi Ry. Co. v. McCarthy,* 96 U.S. 258, 267–68, 24 L.Ed. 693 (1878); *Rode & Brand v. Kamm Games,* 181 F.2d 584, 587 (2d Cir. 1950); *Rainier v. Champion Container Co.,* 294 F.2d 96, 102 (3d Cir. 1961). This court finds it unnecessary to hold that U. S. Lines is estopped from raising its reasonableness defense, however. It is sufficient that this tardy defense is evidence of bad faith on the part of U. S. Lines.

Third, based on the papers and argument held before this court on June 15, this Court finds that U. S. Lines' defenses to payment of the gate charges have little merit.

In conclusion, defendant's motion to dismiss or stay this action pending an adjudication before the FMC is denied.

SO ORDERED.