**FIREARMS IMPORT & EXPORT CORPORATION, a Florida Corporation, Plaintiff,**

v.

**LYKES BROS. STEAMSHIP COMPANY, INC., a Foreign Corporation, Defendant.**

**No. 76–977–Civ–CA.**

United States District Court, S. D. Florida.

Sept. 20, 1978.

Shutts & Bowen, Miami, Fla., for plaintiff.

Allen Kornblum, Hialeah, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ATKINS, Chief Judge.

THIS CAUSE came before the Court on Defendant, LYKES BROS. STEAMSHIP COMPANY; INC.'s (LYKES), motion for summary judgment. The issue raised is whether the appropriate limitations period bars this claim by a shipper for affreightment overcharges which were caused by the shipper's agent's improper designation of the shipped goods on the bill of lading.

Plaintiff, FIREARMS IMPORT & EXPORT CORPORATION (FIREARMS), maintains that this is a diversity action, 28 U.S.C. § 1332, and the appropriate limitation is the four year period provided by Florida statute. *See* F.S.A. § 95.11 (West Supp. 1978). Defendant LYKES argues that federal question jurisdiction exists be-

cause the action is governed by 46 U.S.C. § 1300 *et seq.* and that the appropriate limitation is the one year period contained in 46 U.S.C. § 1303(6).

FIREARMS' agent in Italy improperly designated goods scheduled to be shipped to the United States. LYKES charged the required rate for the goods as designated, but the rate greatly exceeded the tariff normally charged for the goods. These overcharges occurred between October 7, 1970 and May 31, 1972, and FIREARMS did not discover the overcharges until May 15, 1973. This action was originally filed on May 14, 1976. This Court dismissed the action without prejudice on August 31, 1976, to allow FIREARMS to pursue its administrative remedy before the Federal Maritime Commission (FMC), and after the FMC advised FIREARMS that the claim could not be heard because FMC's statutory limitation period barred the claim, FIREARMS refiled this action.

■ An action to recover affreightment overcharges is an admiralty action. *Krauss Bros. Lumber Co. v. Dimon S.S. Corp.*, 290 U.S. 117, 54 S.Ct. 105, 78 L.Ed. 216 (1933); *Sword Line, Inc. v. United States*, 230 F.2d 75 (2nd Cir. 1956). Whether the action is maintained in rem or in personam should not change the characterization of the action. Congress has enacted extensive legislation controlling water carriers, both domestic, Interstate Commerce Act, Part III, 49 U.S.C. § 901 *et seq.*, and foreign, Shipping Act of 1916, 46 U.S.C. § 801 *et seq.*; Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.* Because the cause is one in admiralty and controlled by federal regulation, state limitations have no application in this case. *Accord, Sgambati v. United States*, 172 F.2d 297 (2nd Cir. 1949).

■ LYKES argues that the appropriate limitation is contained in 46 U.S.C. § 1303(6), which provides, *inter alia*, that "[i]n any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered." 46 U.S.C.A. § 1303(6) (West 1975). Subsection (6) applies only to loss or damage of goods, and while the exact limits of the section are uncertain, it is clear that affreightment overcharges do not "relate directly to a breach of a carrier's duty to make timely delivery of goods in good order and condition." *States S.S. Co. v. American Smelting & Refining Co.*, 339 F.2d 66, 68 (9th Cir. 1964), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 155 (1965).

■ Section 908(f)(1)(C) of Title 49 of the U.S.Code provides a three year limitation for overcharge actions against water carriers. Section 908, however, applies to water carriers governed by the Interstate Commerce Commission, and the powers of the ICC and FMC are mutually exclusive. 46 U.S.C. § 832. Thus, the limitation in section 908 does not apply to this action.

■ The FMC's authority to regulate rates in cases of this type is outlined in 46 U.S.C. §§ 817, 818. Administrative adjudication and damages for overcharges are provided by 46 U.S.C. § 821. Section 821 limits the FMC's jurisdiction to complaints filed within two years after the date the cause of action accrued. Section 821 does not require administrative action prior to a court action, though such action is frequently desirable. *Cf. United States v. Western P. R. R. Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956) (ICC action). Thus, the two year limitation on the FMC does not expressly govern court actions and does not do so indirectly through a requirement of exhaustion of administrative remedies.

■ In the absence of a statute of limitations, admiralty actions are governed by the doctrine of laches. *Amato v. Cie Maritime Belge S.A.*, 212 F.Supp. 330 (E.D.N.Y. 1963). It may be argued that Congress has impliedly limited judicial action by the two year administrative limit provided in Section 821. It is unnecessary for the Court to resolve that issue because even if there is no such congressional intent, considerations of economy of governmental resources, comity between administrative and judicial

tribunals, effectuation of congressional intent to utilize expert administrative bodies and the factors underlying statutes of limitations require that the limitation on affreightment overcharges be the same, whether judicial or administrative resolution is sought. Otherwise, a plaintiff that had not acted within the FMC's two year limitation could file an action in court, rendering the FMC less than totally effective and, if referral is sought and obtained, defeating the express congressional limitation. *See Morrisdale Coal Co. v. Pennsylvania R.R. Co.*, 230 U.S. 304, 33 S.Ct. 938, 57 L.Ed. 1494 (1913).

FIREARMS did not file the action within two years of the date of discovery or the date of the overcharge. It is thus unnecessary for the Court to resolve the issue of whether the cause of action comes into existence on overcharge or discovery. FIREARMS' action is barred by the limitation period of two years and LYKES' motion for summary judgment is granted.