## TRIOMPHE DISC CORPORATION, Appellant-Respondent, v CHILEAN LINE, Respondent-Appellant.

First Department, April 21, 1983

### APPEARANCES OF COUNSEL

*Ann P. Wyllie* of counsel (*Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy,* attorneys), for appellant-respondent.

*Walter H. Lion* of counsel (*Elmer C. Maddy* with him on the brief; *Kirlin, Campbell & Keating,* attorneys), for respondent-appellant.

FEIN, J.

Plaintiff sues to recover freight overcharges as well as damages for fraud. Plaintiff exported cargo to Chile via defendant's shipping line from 1974 to 1981. Charges were to be based upon the size of cargo delivered to defendant, as measured and computed by defendant's rating clerk. In 1981 plaintiff claimed a refund from defendant, asserting it had been overcharged on various shipments since 1974. Defendant, while disputing these allegations, assertedly agreed, as a goodwill gesture, to settle any properly certified claims less than six months old. A check was issued to plaintiff in May, 1981 in the amount of $1,603.30. Defendant maintains that under the applicable tariff, any claims more than six months old were stale.

The instant action was commenced just one month later. Defendant thereupon moved for dismissal of the complaint for lack of subject matter jurisdiction or failure to state a claim, stay of the proceedings pending administrative determination by the Federal Maritime Commission, dismissal of those claims barred by the Statute of Limitations, and dismissal of those claims already paid. In dismissing the action, Special Term addressed only the question of lack of subject matter jurisdiction. We believe that none of the defenses warrants dismissal of the action at this juncture.

■ Special Term dismissed this action for lack of subject matter jurisdiction on the ground that an action to recover freight overcharges is essentially one in admiralty. However, the jurisdiction of the Federal District Courts in such instances is not exclusive. The Federal District Courts do have original and exclusive jurisdiction in all civil admiralty or maritime litigation, "saving to suitors in all cases all other remedies to which they are otherwise entitled." (US Code, tit 28, § 1333.) This "saving to suitors" clause, originally enacted as part of the Judiciary Act of 1789 (1 US Stat 77), which read "saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it", reserves concurrent jurisdiction to State courts for the utilization of common-law remedies, where applicable, to maritime claims (*Romero v Interna-*

*tional Term. Operating Co.,* 358 US 354, 362; *Red Cross Line v Atlantic Fruit Co.,* 264 US 109, 123-124). It has long been recognized that an action on a maritime contract of affreightment can be brought in personam as well as in rem (*New Jersey S. S. Nav. Co. v Merchants' Bank,* 47 US [6 How] 344, 392). A suitor holding such an in personam claim enforceable in admiralty thus had the right to elect to pursue an available common-law remedy by civil action in State court (*Baird v Daly,* 57 NY 236, 241, 246-249; *Stainless Steel & Metal Mfg. Corp. v Sacal V. I., Inc.,* 452 F Supp 1073, 1076). Such alternative remedies in personam are cognizable in actions arising under contracts of affreightment (1 Benedict, Admiralty [7th ed, rev], § 123). The fact that an action for maritime freight overcharges is primarily one in admiralty (see *Firearms Import & Export Corp. v Lykes Bros. S. S. Co.,* 458 F Supp 88) does not thereby establish exclusivity of jurisdiction in the admiralty court.

■ While Special Term did not otherwise address the validity of defendant's challenge to the sufficiency of the complaint, we believe that the complaint states cognizable claims in contract and damages for fraud. Defendant may have a valid defense of partial payment, but the copy of a check in the record, offered as ostensible evidence of partial payment, is patently insufficient for that purpose. The check itself bears no notation, and while the check stub does bear certain reference numbers, the connection between those numbers and specific contracts or claims remains to be proven. The check as it appears in the record is thus insufficient to support defendant's motion to dismiss on the basis of partial payment.

As to the defense of Statute of Limitations, defendant cites rule 20(B) of the applicable conference tariff, pertaining to overcharges and claims for refunds of freight charges. That rule provides, in pertinent part: "Claims for adjustment of freight charges will be considered only when submitted in writing to the Carrier within six months of date of shipment". Alternatively, defendant relies upon the Shipping Act of 1916 (US Code, tit 46, § 821), providing a Statute of Limitations of two years from the date of ship-

ment (see *Firearms Import & Export Corp. v Lykes Bros. S. S. Co., supra*).

We need not now determine the applicable limitation. At present the record is insufficient to support a motion to dismiss on this basis. The staleness of claims can only be ascertained upon production of the bills of lading and dock receipts which are the bases of these claims.

Finally, defendant's effort to obtain stay of these proceedings pending administrative determination of the freight overcharge claims by the Federal Maritime Commission is without merit. Even though administrative action is often desirable, resort to such action is not a prerequisite to litigation in court (*Firearms Import & Export Corp. v Lykes Bros. S. S. Co., supra*). The statute is clearly couched in permissive terms, providing in pertinent part that any person "may file" with the commission a complaint setting forth alleged violations of the Shipping Act (US Code, tit 46, § 821, subd [a]). Exhaustion of administrative remedies is thus not a prerequisite to this action. This is especially true where, as here, the questions involved are generally legal ones which are factually uncomplicated or where construction of a tariff, as opposed to its reasonableness, is at issue (*Holt Mar. Term. v United States Lines*, 472 F Supp 487). Where the technical expertise and special discretion of the commission are not otherwise required, a court is competent to make a determination of a nontechnical nature based on an uncomplicated set of facts. This renders inapplicable the doctrine of primary administrative jurisdiction (*United States v Open Bulk Carriers*, 465 F Supp 159; cf. *Roberto Hernandez, Inc. v Bernstein Schiffahrtsgesellschaft*, 116 F2d 849).

The order, Supreme Court, New York County (TYLER, J.), entered January 8, 1982, insofar as it granted defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, should be reversed on the law and the motion denied, with costs.

Ross, J. P., Asch, Bloom and Lynch, JJ., concur.

Order, Supreme Court, New York County, entered on January 8, 1982, insofar as it granted defendant's motion to dismiss the complaint for lack of subject matter jurisdic-

tion, unanimously reversed, on the law, and the motion denied. Plaintiff-appellant-respondent shall recover of defendant-respondent-appellant $75 costs and disbursements of this appeal.