Graciela FLORES and Ana Flores, a minor, by Ana Marie Flores as parent and next friend of Ana Flores, Plaintiffs,

v.

CITY OF CHICAGO, a municipal corporation; Detective John Dolan; Detective Reynaldo Guevera; Detective Jack Leonard; Detective William O'Brien; Detective Edward Mingey; Detective David Wagner; Chicago Police Officer Anderson, Star No. 14297; and Other Unnamed and Unknown Employees of the Chicago Police Department, Defendants.

No. 87 C 5824.

United States District Court,
N.D. of Illinois, E.D.

March 30, 1988.

Rick Halprin, Jack Rimland, Rimland & Halprin, Chicago, Ill., for plaintiffs.

Judson H. Miner, Corp. Counsel, John F. McGuire, Carolyn Bird, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed.R. Civ.P. 12(b)(6). For the following reasons, the motion is granted.

This action arises out of the execution of a search warrant by the Chicago Police. The allegations of the complaint are straightforward. Plaintiffs allege that when the police gained entry to their residence, they physically abused plaintiffs. Plaintiffs were then falsely arrested. Officer Anderson who transported Graciela Flores to the police station refused her requests for immediate medical care. Graciela was eventually taken to the hospital and then returned to the police station. Upon her release from police custody, Graciela was hospitalized for her injuries. Plaintiffs were both charged with obstruction of a police officer and Graciela was charged with battery. Neither was found guilty of the offenses charged. Plaintiffs contend that defendants gave false testimony during the criminal proceedings against them.

Plaintiffs bring this civil rights action under 42 U.S.C. § 1983. They assert federal claims in Counts I—III, and state pendant claims in Counts IV—VII. On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Defendants initially contend that the statute of limitations has run on plaintiffs' § 1983 claims. The Seventh Circuit, in *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), applied the Supreme Court's holding in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) to § 1983 actions in Illinois. For suits arising in Illinois where the claim accrued before the date of the *Wilson* decision, April 17, 1985, a plaintiff must file within the shorter period of either five years from the date

the claim accrued or two years after *Wilson. Anton,* 787 F.2d at 1146.

In this case, plaintiffs were arrested on November 10, 1984. This was the latest date their claim could have accrued. The statute of limitations would have expired on April 17, 1987 (two years after *Wilson* ). The present suit was filed on June 30, 1987. Plaintiffs, however, note that they filed another suit in 1985 in this district which they voluntarily dismissed on July 1, 1986. They assert that the statute was tolled during the pendency of that action.

Actions pursued under § 1983 are governed by the state statute of limitations for personal injury suits. *See Wilson,* 471 U.S. at 276, 105 S.Ct. at 1947. Closely related questions of equitable tolling are also governed by state law. *Id.* at 269, 105 S.Ct. at 1943. The court recognizes that authority exists supporting the proposition that when a federal court borrows a limitations period, it is not required to adopt all integral tolling provisions, particularly when there is a federal procedural rule which directly controls the issue. *See Sentry Corp. v. Harris,* 802 F.2d 229, 245 (7th Cir.1986). Defendants cite two cases in other circuits which demonstrate that a voluntarily dismissed case must be refiled before the applicable statute of limitations runs or it is time-barred. *See Ford v. Sharp,* 758 F.2d 1018 (5th Cir.1985); *Curtis v. United Transp. Union,* 648 F.2d 492 (8th Cir. 1981). The court finds that the critical distinction in the Seventh Circuit case of *Harris* is that a federal rule of procedure existed which determined the issue there. Here, although caselaw in other circuits exists, there is no statutory procedural rule governing tolling for voluntarily dismissed suits. Implementing the strictures of *Wilson,* in § 1983 cases, the Seventh Circuit appears to adopt the applicable state tolling provisions when determining the running of the statute of limitations. *See Crump v. Lane,* 807 F.2d 1394, 1401 n. 8 (7th Cir.1986); *Hanson v. Heckel,* 791 F.2d 93, 97 (7th Cir.1986).

Illinois law provides that where a case is voluntarily dismissed "whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff ... may commence a new action within one year or within the remaining period of limitation, whichever is greater...." Ill.Rev.Stat. ch. 110, ¶ 13–217 (1985). Here the previous action was voluntarily dismissed on July 1, 1986. Plaintiff had until July 1, 1987, the "greater" statutory period of time, during which to file this suit. This action was filed on June 30, 1987, one day before the running of the limitations period. Therefore, it was timely filed.

Defendants' second argument for dismissal of the complaint is that the police officers here are not amenable to suit in their official capacities under § 1983 without allegations of a City of Chicago policy or custom of engaging in the actions which allegedly violate § 1983. Plaintiffs are seeking § 1983 relief in Counts I, II and III against the officers for actions taken in their official capacity as police officers. Complaint ¶¶ 5–7. Official-capacity suits represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Thus, a plaintiff seeking to recover in an official-capacity suit can look only to the entity itself not the official. *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105; *Wilson v. The Civil Town of Clayton,* 839 F.2d 375 (7th Cir.1988). Under *Monell,* plaintiffs must establish that the defendants acted pursuant to a governmental policy, custom or regulation. *Monell,* 436 U.S. at 690–91, 98 S.Ct. at 2035–36. To establish a municipal policy or custom, plaintiffs must allege a specific pattern or series of incidents which support the general allegation of custom or policy. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1237 (7th Cir. 1986). Alleging one specific incident in which the plaintiff suffered a deprivation is insufficient, *id.,* unless a sufficiently high-ranking policymaker's single act causes the deprivation. *Bohen v. City of East Chicago, Indiana,* 799 F.2d 1180, 1188–89 (7th

Cir.1986); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 283–84 (7th Cir.1986).

■ In this case, plaintiffs allege no *Monell* policy or custom, and no facts to implicate such a policy or custom. Moreover, the police officers who allegedly caused the deprivation were not policymakers for the City of Chicago or the police department. They were low-ranking officers simply executing a search warrant. Therefore, the § 1983 claims contained in Counts I, II, and III against the City and the police officers acting in their official capacities are deficient. Accordingly, Counts I, II, and III are dismissed to the extent they attempt to assert § 1983 claims.

■ To the extent Counts I, II, and III attempt to assert claims directly under the Constitution they are dismissed.[1] Section 1983 provides a cause of action against municipalities and municipal employees acting in their official capacities, and the availability of this statutory remedy precludes direct claims under the Constitution.[2] *Bieneman v. City of Chicago*, 662 F.Supp. 1297, 1299–1300 (N.D.Ill.1987); *Strauss v. City of Chicago*, 614 F.Supp. 9, 10 (N.D.Ill. 1984), *aff'd*, 760 F.2d 765 (7th Cir.1985); *accord Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir.1982); *Ward v. Caulk*, 650 F.2d 1144, 1147–48 (9th Cir.1981).

■ Having dismissed the § 1983 claims, the court need not decide the remaining issue concerning whether in Count III plaintiffs adequately allege a constitutional deprivation caused by a conspiracy among the defendants. However, the allegations of a conspiratorial agreement appear to be deficient. The complaint must allege sufficient facts from which a conspiracy may be inferred; conclusory allegations of a conspiracy are not sufficient. *See Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir.1985);

*Winterland Concessions Co. v. Trela*, 735 F.2d 257, 262 (7th Cir.1984); *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981). A conspiratorial agreement cannot be inferred from the averment that overt acts were committed in furtherance of the conspiracy. *See Sweeney v. Bausman*, 87 C 5532, slip op. at 4 (N.D.Ill. Nov. 3, 1987) [available on WESTLAW, 1987 WL 45713]. Plaintiffs here present no facts from which a conspiratorial agreement may reasonably be inferred. Plaintiffs' allegations in paragraphs 93 through 95 of their complaint amount to nothing more than an assertion that the overt acts were carried out in furtherance of the alleged conspiratorial agreement, with no facts to substantiate that an actual agreement existed.

Counts I, II and III having been dismissed, all that remains are pendent state claims. If no substantial federal claims remain before the court, pendent state claims and pendent parties should be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Therefore, Counts IV–VII are dismissed without prejudice to seeking relief in state court.

In conclusion, Counts I, II, and III are dismissed with prejudice. Counts IV–VII are dismissed without prejudice. This action is dismissed.

IT IS SO ORDERED.

---

1. Defendants are correct in arguing that any excessive force in arrest claim should be brought under the Fourth Amendment, not the Fourteenth. *See Lester v. City of Chicago*, 830 F.2d 706, 709–12 (7th Cir.1987).

2. The court notes that plaintiffs have failed to allege how their First Amendment rights were violated. The gist of plaintiffs' alleged claim under the First Amendment is that they were

deprived of their constitutional right to redress in the courts by the police officers. The presence of plaintiffs in this court belies the substance of plaintiffs' arguments. Moreover, plaintiffs had their "day in court" when the criminal charges were tried, and they were acquitted. The court sees no valid claim for any denial of rights guaranteed by the First Amendment.