SEA LAND SERVICE, INC., Plaintiff,

v.

TRANS SENKO CORPORATION, Defendant.

No. 90 C 1289.

United States District Court, N.D. Illinois, E.D.

May 9, 1990.

John P. Maniatis and James K. Borcia, Tressler, Soderstrom, Maloney & Priess, Chicago, Ill., for plaintiff.

James S. Gordon and Edward Slovick, Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

On March 6, 1990, plaintiff Sea–Land Service, Inc. ("Sea–Land") filed this action

pursuant to the Shipping Act of 1984, 46 U.S.C. App. § 1701 *et seq.* Sea–Land alleges that defendant Trans–Senko Corporation ("Trans–Senko") breached a service contract which the parties executed on January 9, 1985. Trans–Senko, relying on Sea–Land's acknowledgement that the contract was terminated on December 31, 1985, now moves to dismiss this action on the grounds that it is barred by the three-year statute of limitations set forth in 46 U.S.C. App. § 1710(g).

■ Sea–Land raises several arguments in opposition to the motion to dismiss. Sea–Land first contends that § 1710(g) does not create a statute of limitations. The express language of § 1710(g), however, belies Sea–Land's argument. Section 1710(g) clearly states that a claimant must file his complaint within three years of the date his claim arose in order to recover. *See Seawinds Ltd. v. Nedlloyd Lines, B.V.,* 80 B.R. 181, 183 (N.D.Cal.1987). Sea–Land next argues that to the extent § 1710(g) does create a statute of limitations, the limitations period only applies to actions brought before the Federal Maritime Commission ("FMC"). However, even if the statute of limitations in § 1710(g) applied only to FMC proceedings, the doctrine of laches would effectively impose the same limitations period on admiralty actions in federal court. *See Puerto Rico Marine Management, Inc. v. El Verde Poultry Farms, Inc.,* 590 F.Supp. 1174, 1176 (D.P.R.1984); *Firearms Import & Export Corp. v. Lykes Bros. Steamship Co.,* 458 F.Supp. 88, 90–91 (S.D.Fla.1978). Equitable considerations such as economy of governmental resources, comity between judicial and administrative tribunals, and deference to Congressionally-created administrative agencies mandate such a finding. *Firearms Import,* 458 F.Supp. at 90–91. Otherwise, allegedly aggrieved parties such as Sea–Land could simply by-pass the limitations period by filing suit in federal court in lieu of pursuing remedies before the FMC. *Id.* Therefore, the court finds that a three-year limitations period applies to this action.

■ Sea–Land's final argument is that its claim was filed within the three-year limitations period. Sea–Land bases this argument on the fact that it originally filed suit to recover on the instant claim in October of 1988, at least two months before the three-year statute of limitations expired. That suit—case no. 88 C 8936—was voluntarily dismissed by Sea–Land on March 7, 1989. Sea–Land argues that since the instant action was filed within a year of the dismissal of the prior suit, it is timely pursuant to Illinois tolling provisions.

Whatever Illinois tolling rules would provide, however, they have no application to the instant case. Sea–Land claims that "[t]he Seventh Circuit has adopted the Illinois tolling provisions for suits that have been voluntarily dismissed," but the cases which Sea–Land cites for that proposition were brought under 42 U.S.C. § 1983. Illinois tolling rules apply to § 1983 cases because those actions are governed by the state statute of limitations for personal injury suits. *See Crump v. Lane,* 807 F.2d 1394, 1401 n. 8 (7th Cir.1986); *Flores v. City of Chicago,* 682 F.Supp. 950, 952 (N.D.Ill.1988). The statute of limitations in the instant action, in contrast, is not borrowed from Illinois law; it is written into a federal statutory provision. Therefore, Illinois tolling principles are inapplicable. Moreover, this court has found no authority establishing a federal tolling principle which allows a plaintiff to unilaterally extend a statute of limitations by filing suit within the limitations period, taking a voluntary dismissal of that case, and then refiling the same action within a year of the prior dismissal. Therefore, the court finds that the filing of Sea–Land's prior suit did not toll the three-year statute of limitations. As a result, this action is time-barred.

For the foregoing reasons, Trans–Senko's motion to dismiss is granted.