■ In the Matter of BENNETT LUBELL, Respondent, v. EWALD B. NYQUIST, as Acting Commissioner of Education of the State of New York, et al., Appellants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, which granted respondent's application in a proceeding under article 78 of the CPLR to reverse a decision of the acting Commissioner of Education dismissing respondent's appeal taken pursuant to section 310 of the Education Law, to annul a failing rating given respondent by the Board of Examiners of the Board of Education of the City of New York on a teaching test taken by respondent as a candidate for license as Chairman of the English Department in day high schools, and to direct that respondent be given another teaching test. For the teaching test in question respondent was assigned to teach to what was denominated as an average eighth term class an abridgement of an Ivor Brown article that appeared in the *New York Sunday Times* of December 15, 1963. Special Term found that the class respondent was assigned to teach was not in fact an average class as respondent had been told but was, instead, well below average, that accordingly the test given was unfair and that a new test was therefore required. It is well settled that a determination made by the Commissioner of Education under section 310 is final unless purely arbitrary and thus judicial review is strictly limited unless the Commissioner's decision is "upon such arbitrary and naked power that no reasonable man could reach the result" (*Matter of Cochran* v. *Levy*, 175 Misc. 666, 668, affd. 263 App. Div. 921; e.g., *Matter of Board of Educ. of City of N. Y.* v. *Allen*, 6 N Y 2d 127; *Matter of Board of Educ., Cent. School Dist. No. 2* v. *Allen*, 14 A D 2d 429, affd. 12 N Y 2d 980). Despite such severe limitations, we must agree with Special Term that the class involved was not an average class or even closely approximate thereto. Statistics presented by the Superintendent of Schools indicated that on a city wide basis more than 50% of the students in the eighth term read above grade level while, in contrast, only one quarter of the students in respondent's class read at or above grade level. Moreover, the students' responses, as shown by the examiners' notes, also support the conclusion that the class was not average. Also it is evident, even from the test instructions themselves, that the below average nature of the class could have been a critical factor in respondent's

performance, particularly since he had been told that the class was average; it being provided in paragraph 2 of the Directions to Chairmen of Departments Conducting Teaching Tests for High School Licenses: "If possible avoid using a class which consists on the whole of either backward pupils or especially bright pupils; if such a class must be used, the applicant should be informed of that fact, and it should be noted in the report of the test." The Commissioner's position, in effect, that since respondent received only a rating of 40 he would not have passed even with an average class is completely untenable. The ratings of the petitioner by the examiners were made under the assumption that he was teaching an average class. It is, therefore, purely speculative to say that if the examiners had been informed of the substandard reading level of the class that they would not have viewed the petitioner's performance in a totally different light and rated him at different levels. What is judged as a successful performance can only be determined in relation to the class taught, and it was purely arbitrary for the Commissioner to decide that the examiners would not have determined that the petitioner was successful if they knew the true reading level of the class. Respondent is entitled to a test under such circumstances that both he and the examiners are aware of the true nature of the class involved. We find no perjudicial error in Special Term's failure to allow the Commissioner to file an answer as provided by CPLR 7804 (subd. [f]). Special Term had the answers which had previously been submitted by appellants in both the appeals made by respondent to the Appeal Board and the Commissioner of Education. Nothing set forth in those answers or in the entire record indicate that there are any other issues which might have been raised had they been permitted to file an answer in the present proceeding. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.