In the Matter of MAUREEN COHN, Respondent, v BOARD OF EDUCATION OF THE HAMMONDSPORT CENTRAL SCHOOL et al., Appellants.—Judgment, insofar as it grants the petition, unanimously reversed, on the law, without costs and otherwise judgment affirmed. Memorandum: Respondent-appellant Board of Education of Hammondsport Central School District (board) appeals from a final judgment which denied the board's motion to dismiss respondent teacher's petition and granted petitioner's application in all respects. The judgment ordered that petitioner be reinstated to her former tenured position with all back pay and benefits running from the date of her alleged termination. The petition alleges that petitioner was a duly certified teacher licensed in New York; that she had been granted tenure in the elementary level area and that after a leave of absence of one year she had functioned as an elementary level teacher through and including the 1973-1974 school year. By a letter dated August 5, 1974 the board advised petitioner that it had decided to terminate her services, whereupon petitioner commenced this article 78 proceeding expressly alleging a violation of her statutory and constitutional rights. The board then moved pursuant to CPLR 7804 (subd [f]) and CPLR 7801 (subd 1) to dismiss the petition upon the ground that no appeal having been taken to the Commissioner of Education, petitioner had failed to exhaust her administrative remedies. Upon the hearing of the motion Special Term stated that it would attempt to dispose finally of the matter and that the parties might submit any papers they wished in support of their respective positions. Petitioner's attorney suggested that the board should file its answer and that the court should consider the matter as a motion for summary judgment. Respondent board submitted no answer and stood upon its objection in point of law on the question of exhaustion of administrative remedies. Special Term then denied the board's dismissal motion and granted the judgment which is the subject of this appeal. Appellant board contends that the court erred in rendering judgment upon the merits before an answer was interposed and issue was joined. We agree. CPLR 7804 (subd [f]) provides in pertinent part that once objection on point of law is made "[i]f the motion is denied, the

court shall permit the respondent to answer, upon such terms as may be just". In *Matter of Sibarco Stas. v Risman* (34 AD2d 890) we stated: "Upon denial of the motion to dismiss, the petitioner's affirmative relief should not have been granted before permitting respondents-appellants to answer (CPLR 7804, subd [f])". We repeated this principle in *Matter of Barone v City of Dunkirk* (47 AD2d 592, 593), stating that "In accordance with the provisions of the statute (CPLR 7804, subd. [f]), upon the denial of respondents' motion to dismiss, affirmative relief should not have been granted petitioner before permitting respondents to answer". (See, also, *Matter of Tobin v Ford,* 49 AD2d 83, 85; *Edison Travel v American Airlines,* 43 AD2d 164, 166, affd 35 NY2d 801; *Matter of Kesterson v City of Buffalo,* 40 AD2d 575, 576; 8 Weinstein-Korn-Miller, par 7804.08.) The board did not waive its right to answer, as urged by petitioner, but rather moved to vindicate that right. Upon reargument of the board's motion the court denied the board's request that the original decision on the merits be stricken so that the board would have an opportunity to answer. In these circumstances it was unreasonable to insist that the board serve its answer when the court had already made a decision on the merits against it. The letters and discussions relied upon by petitioner in support of her waiver argument could not serve to shift the burden to the board to submit to a final judgment on its motion to dismiss. The salutary rule of procedure expressed in CPLR 7804 (subd [f]) should not be weakened by exceptions that may undermine the rule and the certainty in procedure it engenders. It is unnecessary for us to reach the merits of the board's contention that petitioner failed to exhaust her administrative remedies. However, because this question may still be involved in future proceedings we are constrained to discuss it briefly. The board urges that section 310 of the Education Law, and CPLR 7801 (subd 1) require dismissal of the petition. We agree with Special Term and the petitioner that she was not required to exhaust her administrative remedies because she has alleged violations of her statutory and constitutional rights. The relief sought is in the nature of mandamus, and, therefore, she has the option of litigating under article 78 and the exhaustion of her administrative remedy is not the exclusive method of review. Petitioner's position finds support in *Matter of Lezette v Board of Educ.,* (35 NY2d 272, 278, where the court agreed with the Appellate Division's holding [43 AD2d 755]) "that in litigation between private parties involving only questions of law, where the issue is whether school officials acted in violation of statute, direct resort to the courts is proper, citing *Cottrell v Board of Educ.* (181 Misc. 645, 650, affd. 267 App. Div. 817, affd. 293 N.Y. 792)". (See, also, *Nelson v Board of Higher Educ.* 263 App Div 144, 151, affd 288 NY 649; *Matter of Leeds v Board of Educ.,* 19 Misc 2d 860, affd 9 AD2d 905.) (Appeal from judgment of Steuben Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.