■ H. ALLEN ORSHAN, Respondent, v IRVING ANKER, as Chancellor of the Board of Education of the City of New York, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to direct appellant to (1) expunge an unsatisfactory rating from petitioner's file, (2) grant petitioner tenure as a day high school principal and (3) restore petitioner to such position, the Chancellor of the Board of Education of the City of New York appeals from a judgment of the Supreme Court, Kings County, dated June 10, 1976, as resettled by an order of the same court, dated May 5, 1977, which, upon his cross motion to dismiss the proceeding, *inter alia,* directed him to expunge the unsatisfactory rating and to reassign petitioner to his former position as principal of the Julia Richman High School. Judgment, as resettled, reversed, on the law, without costs or disbursements, cross motion to dismiss the petition denied, and proceeding remanded to the Special Term for further proceedings not inconsistent herewith. Appellant shall serve an answer to the petition within 20 days after entry of the order to be made hereon and include therewith a full transcript of the hearing held pursuant to section 105a of the by-laws of the board of education, together with all exhibits admitted and excluded thereat, if Special Term is not already in possession thereof. In our opinion the appellant Chancellor's decision dated December 22, 1975 does not resolve the question of the validity of petitioner-respondent's suspension from his probationary appointment as a day high school principal. It simply holds that the petitioner's hearing, held pursuant to section 105a of the by-laws of the Board of Education of the City of New York, was defective by reason of certain improper evidentiary rulings made by the Chancellor's committee. Although we believe that the validity of the Chancellor's determination in this respect was a proper issue for the Special Term to determine in this proceeding, we are of the opinion that the court exceeded its authority by deciding the question summarily, upon appellant's cross motion to dismiss, without according appellant the opportunity to submit an answer to the petition (see CPLR 7804, subd [f]). It does not appear that this issue was sufficiently responded to in the prior CPLR article 78 proceeding involving these parties so as to permit use of, and reliance upon, appellant's answer thereto in this proceeding (cf. *Matter of Lubell v Nyquist,* 31 AD2d 569, 570); nor does it appear that the issue was decided by the Special Term in that proceeding. Furthermore, it appears that, at this juncture, the propriety of the evidentiary rulings is the only issue to be determined. If, after considering appellant's answer and any supportive evidence submitted, in addition to the record already compiled, the Special Term adheres to its decision that the evidentiary rulings at the hearing held pursuant to section 105a were correct and, conversely, that the Chancellor's determination was improper, it should direct the Chancellor to make a determination on the merits. In our opinion, the Chancellor complied with the Special Term's direction, made upon conclusion of the prior article 78 proceeding between these parties, to render a "final" decision with regard to petitioner's administrative appeal. In making this direction the Special Term cited *Parkview Holding Corp. v Starr* (47 AD2d 639) in support thereof. That case simply stands for the proposition that an administrative official, such as the Chancellor, is required to render appropriate determinations on administrative matters pending before him within a reasonable time. The determina-

tion in the prior article 78 proceeding did not require that the Chancellor reach the merits of the controversy if he believed that the proceeding upon which he was to predicate his decision was defective. Margett, J. P., Rabin, Titone and Mollen, JJ., concur.