■ In the Matter of BARBARA McMULLEN, on Behalf of Herself and Her Dependent Children, Respondent, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants.—Judgment unanimously modified by striking the first, second and third decretal paragraphs along with subdivision (c) of the fifth decretal paragraph and, as modified, affirmed, without costs. Memorandum: Petitioner receives public assistance for herself and her three children from the Onondaga County Department of Social Services (Local Agency). Her monthly allowance includes the sum of $14.70 for nonheating utility expenses and during each of the eight winter months, $50 for heating utility expenses. In September, 1977 the Local Agency commenced a restricted payment plan under which it paid $101 of petitioner's monthly allowance directly to Niagara Mohawk to cover petitioner's estimated utility usage. Petitioner objected to the reduction of her monthly public assistance allowance by an amount greater than her utility allowances and requested a fair hearing which was held on November 1, 1977, about a month after petitioner moved to a new residence. On January 19, 1978 the Commissioner of the New York State Department of Social Services (Commissioner) determined that the use of restricted payments by the Local Agency was proper, but that the amount of the direct payment to Niagara Mohawk should be based on petitioner's actual monthly utility bill, with the amount of the payment reducing petitioner's public assistance grant for the following month. Shortly after the Commissioner's determination, the Local Agency stopped making restricted payments directly to Niagara Mohawk

and reimbursed petitioner for the amounts by which her January and February, 1978 public assistance payments had been reduced. No reimbursement was made for the amounts by which petitioner's public assistance payments had been reduced during the period from September 1, 1977 to December 31, 1977. This article 78 proceeding was commenced by petitioner on February 6, 1978 to review the determination of the Commissioner. Both the Commissioner and the Local Agency answered. An amended petition was served by leave of court on June 7, 1978, at which time petitioner was in arrears on her utility account with Niagara Mohawk in the amount of $1,144.59. Petitioner sought, among other things, a continuing grant of an excess fuel allowance (18 NYCRR 352.5 [c]) or emergency assistance (Social Services Law, § 131-j) to pay the difference between her heating utility allowance and her heating bills, a direction that the Local Agency issue her heating and nonheating utility allowances along with any excess fuel allowance or emergency assistance grant to which she is entitled, but no other portion of her public assistance grant, in the form of restricted payments directly to Niagara Mohawk, and restitution of.all sums improperly withheld from her monthly public assistance payments since September 1, 1977. The Commissioner and the Local Agency moved to dismiss the petition on the ground that petitioner had failed to exhaust her administrative remedies because she was seeking an excess fuel allowance or emergency assistance grant for the 1977-1978 winter without ever having made an application for these benefits. Special Term denied the motion to dismiss, awarded petitioner an emergency assistance grant sufficient to cover all unpaid utility service charges then due, ordered payment of petitioner's future monthly allowances and an emergency assistance grant in an amount sufficient to cover any utility account balance directly to Niagara Mohawk, ordered the Commissioner and Local Agency not to remove from petitioner's monthly public assistance grant sums other than her utility allowances, and ordered restitution to be made to petitioner of all sums in excess of her utility allowances which were withheld from her public assistance payments since September 1, 1977. The Commissioner contends that Special Term improperly reached the merits of the amended petition without giving her an opportunity to serve an amended answer. We have held that affirmative relief should not be granted to a petitioner before permitting a respondent to serve an answer (*Matter of Cohn v Board of Educ.*, 58 AD2d 977, 978; *Matter of Barone v City of Dunkirk*, 47 AD2d 592, 593; *Matter of Sibarco Stas. v Risman*, 34 AD2d 890; see, also, *Matter of Posner v Rockefeller*, 33 AD2d 683, affd 25 NY2d 720). Here, however, the Commissioner served an answer to the original petition and Special Term had before it the original pleadings, the amended petition, the amended answer of the Local Agency, the affidavits in support of the motion to dismiss, the fair hearing transcript, and the determination of the Commissioner. The record was sufficient to raise all of the contentions urged on this appeal and the Commissioner has shown no additional matter which she would have pleaded in an amended answer. Under these circumstances, we conclude that the Commissioner suffered no prejudice by Special Term's ruling on the merits prior to service of her amended answer (see *Matter of Lubell v Nyquist*, 31 AD2d 569). Concerning the merits of the petition, the Commissioner and Local Agency contend that petitioner should have made an application to the Local Agency for an excess fuel allowance and emergency assistance grant for utility arrearages incurred during the winter of 1977-1978 prior to seeking such relief in this article 78 proceeding. We agree. Petitioner did not exhaust her administrative remedies, and has made no showing that an

application to the Local Agency would be futile. On prior occasions, petitioner has been successful in applying for an advance utility allowance and an excess fuel allowance. Petitioner must apply to the Local Agency for the requested relief; should petitioner's application be granted, there would be no need for recourse to the courts (see *Matter of Cosgrove v Klingler,* 58 AD2d 910). Insofar as the restricted payment of petitioner's utility allowances is concerned, the Commissioner contends that the termination of the restricted payment plan by the Local Agency renders any question concerning the propriety of such payment moot. While we do not believe the question is moot, we find it unnecessary to pass on Special Term's ruling with respect to the restricted payment plan. Neither the Commissioner nor the Local Agency challenges this aspect of Special Term's ruling and we see no reason to disturb it. We have examined the remaining contentions raised on this appeal and find them to be without merit. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.