OPINION OF THE COURT
Matthew F. Coppola, J.
In this action plaintiffs seek to enjoin defendant from placing the Somers Central School District in a certain athletic league and request a declaratory judgment declaring that the *1089 school district be placed in a different league. Presently before the court are plaintiffs’ request for a preliminary injunction and defendant’s motion to dismiss the complaint.
The Lower Hudson Council of School Superintendents (the Council) is an unincorporated association of school superintendents from the school districts in Westchester, Putnam, Rock-land and Dutchess Counties. The Council is responsible for the formation of interscholastic athletic leagues for the public school districts of those counties. The Council recently prepared a proposed realignment establishing three conferences, each containing a number of leagues. Plaintiffs object to the league in which the Somers Central School District was placed, arguing that it would result in increased and excessive travel time to games for student athletes and increased transportation costs for the school district. Plaintiffs claim that the decision to place the school district into that league was arbitrary, capricious and irrational. Plaintiffs seek to have the Somers Central School District placed in another league, which they claim will result in less travel time for students and lower transportation costs for the district.
Defendant seeks to dismiss the complaint on the ground that the primary jurisdiction for this dispute is vested, by virtue of Education Law § 310, in the Commissioner of Education for the State of New York. Education Law § 310 (7) provides that an aggrieved party may appeal by petition to the Commissioner of Education any action by any "official act or decision of any officer, school authorities, or meetings concerning * * * matter under this chapter, or any other act pertaining to common schools.”
Plaintiffs argue that the Commissioner of Education does not have jurisdiction over the subject matter of the complaint for a variety of reasons. Initially, they contend that because the Council is a nonprofit, voluntary, unincorporated association, it is not a school authority, nor its action official, within the meaning of Education Law § 310 (7).
Each individual member of the Council, as a superintendent of schools, is the chief executive officer of the school district and is charged with supervision of all educational activities in that school district. (Education Law § 1711 [5] [a], [f].) Therefore, a decision by an individual superintendent is clearly the decision of an officer which may be appealed pursuant to Education Law § 310 (7). Plaintiffs’ claim that the Council is not a school authority, nor its action official merely because it *1090 was undertaken through the concerted efforts of a number of superintendents acting through the auspices of the Council is unsupported by both law and logic.
Plaintiffs’ next contention, that the Commissioner of Education does not have jurisdiction over an unincorporated association, is similarly without merit. Plaintiffs’ argue that because an unincorporated association lacks standing to bring an appeal pursuant to Education Law § 310 (Matter of People’s Response to Educ. Planning, 24 Ed Dept Rep 437, 438 [1985]), the converse must follow: the Commissioner of Education has no jurisdiction to decide an appeal brought against an unincorporated association.
The cases relied upon by plaintiffs, which hold that an unincorporated association lacks standing to bring an appeal pursuant to Education Law § 310, each involve groups of citizens attempting to use the appeal process. The justification for denying those groups of citizens the right to use the appeal process clearly does not exist here, where an appeal is sought against an unincorporated association whose members are officials and whose acts complained of constitute official action within the meaning of Education Law § 310.
Plaintiffs additionally claim that the Commissioner of Education does not have jurisdiction over the subject matter of the complaint because the subject matter of the complaint does not relate to matters that are peculiarly within the special expertise of the Commissioner of Education. Plaintiffs are incorrect.
Interscholastic athletics are required to be conducted in accordance with the Commissioner’s regulations. (Matter of Eastern N. Y. Youth Soccer Assn. v New York State Pub. High School Athletic Assn., 67 NY2d 665, 667 [1986].) Moreover, the Commissioner’s regulations specifically define a league as "an organization of schools joined for the purpose of providing athletic competition among schools of comparable size, interest, and within reasonable distance of each other.” (8 NYCRR 135.1 [o].) Thus, the question raised here, of whether the Somers Central School District was placed in a league with schools that are within reasonable distance of each other, is a matter involving the use of judgment and discretion in the application of the Commissioner of Education’s regulations. Such matters are inappropriate for resolution in the judicial arena. (James v Board of Educ., 42 NY2d 357 [1977].) The responsibility for resolving the issues raised in this case lies *1091 with the Commissioner of Education, pursuant to Education Law § 310 (7).
Accordingly, defendant’s motion to dismiss is granted. It is therefore unnecessary for the court to reach the question of whether a preliminary injunction would be appropriate here.