■ In the Matter of ROY SARGENT, on Behalf of Himself and All Others Similarly Situated, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, FIRST SUPERVISORY DISTRICT OF MONROE COUNTY, Respondent.—Judgment unanimously affirmed without costs. Memorandum: The petitioner is an employee of the Board of Cooperative Educational Services for

the First Supervisory District of Monroe County (BOCES No. 1). Petitioner, at the time this proceeding was commenced, was a member of BOCES No. 1 Education Association (BEA). Effective January 11, 1986 BEA and respondent were parties to an agreement negotiated pursuant to the provisions of article 14 of the Civil Service Law (Taylor Law). The agreement for the school year 1986-1987 provided for terms and conditions of employment for a number of teaching employees of BOCES No. 1. Petitioner, an affected teaching employee, asserted a grievance pertaining to salary and pursued this claim through the grievance machinery provided for in the agreement. Ultimately, petitioner received an adverse decision before a Grievance Hearing Board. Petitioner, having exhausted his remedy under the contract grievance procedure, commenced this proceeding pursuant to subdivision (2-a) of section 3813 of the Education Law seeking leave to file a late notice of claim on behalf of himself and other persons similarly situated. Petitioner asserted, in the proposed claim, the same salary issue raised previously and litigated pursuant to the contract grievance procedure.

Special Term properly denied petitioner's application for leave to serve a late notice of claim. "A teacher alleging breach of a provision of the collective bargaining agreement between the school district and the union, having exhausted the grievance process established by the agreement and claiming no breach of the union's duty of fair representation, * * * may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract" (*Matter of Board of Educ. v Ambach,* 70 NY2d 501, 505, 508, *cert denied sub nom. Margolin v Board of Educ.,* — US —, 108 S Ct 1593; *Berlyn v Board of Educ.,* 55 NY2d 912, *affg* 80 AD2d 572; *Goosley v Binghamton City School Dist. Bd. of Educ.,* 101 AD2d 942; *Menkes v City of New York,* 91 AD2d 654, 655, *lv dismissed* 59 NY2d 602, *cert denied* 464 US 858). (Appeal from judgment of Supreme Court, Monroe County, Rosenbloom, J.—Education Law proceedings.) Present —Doerr, J. P., Boomer, Green, Pine and Davis, JJ.