◼ In the Matter of David Sokol, Appellant, v Granville Central School District Board of Education, Respondent. [688 NYS2d 717] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered April 20, 1998 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

On October 6, 1997, petitioner was appointed as a noninstructional substitute teaching assistant/monitor by respondent and served in this capacity until his appointment was discontinued on January 7, 1998. After filing a written notice of claim against respondent in early January 1998, petitioner commenced this proceeding on February 4, 1998 seeking to annul respondent's appointment of him as a substitute teaching assistant and to order his immediate appointment as a probationary teaching assistant retroactive to October 6, 1997.

Concurrent with these proceedings, on October 23, 1997 the Granville Central School Support Staff Association (hereinafter the Association), as the recognized bargaining unit for noninstructional employees of the District, filed a grievance with respondent claiming a violation of their collective bargaining

agreement. Specifically, the grievance challenged respondent's appointment of *substitute* teaching assistants and sought to require respondent to post for the four teaching assistant vacancies, to conduct candidate interviews and to make immediate permanent appointments. This grievance had unsuccessfully proceeded to the third stage of a four stage procedure when petitioner commenced the instant proceeding.

Rather than answer, respondent moved to dismiss the petition claiming that petitioner had failed to exhaust his administrative remedies because a final determination had not been rendered in connection with the grievance and because petitioner did not appeal his claims to the Commissioner of Education pursuant to Education Law § 310. Supreme Court granted the motion finding that "[p]etitioner is presently proceeding within the grievance procedure established by the collective bargaining agreement" and that the instant proceeding was "a duplication of the grievance proceedings". This appeal ensued.

We must agree with petitioner's claim that the pendency of the Association's grievance alleging violations of the collective bargaining agreement does not constitute an absolute bar to this proceeding. First, we find no record support for Supreme Court's finding that *petitioner* was proceeding under the grievance procedure. As the grievance itself recites, petitioner is not a member of the Association (*compare, Matter of Rissinger v State Univ.*, 199 AD2d 745) and there is no indication in the record that petitioner participated in the filing of the grievance, that he requested that it be filed on his behalf or that he actively participated in its prosecution.

Further, there is also no proof in the record that the Association was representing petitioner's interests in filing the grievance. While the grievance concededly challenges respondent's filling of four alleged teaching assistant vacancies and notes that such positions were then held by four individuals hired as substitutes (including petitioner), it does not seek as its desired settlement that *petitioner* be interviewed as a candidate or that petitioner be immediately appointed to a permanent position (*compare, Matter of Board of Educ. [Auburn Teachers Assn.]*, 49 AD2d 35, *lv denied* 38 NY2d 740). Thus, petitioner persuasively argues that even if the Association is ultimately successful, there is no guarantee that he personally would benefit from the victory.

Finally, petitioner is asserting violations of the Education Law and corresponding regulations—not provisions of the collective bargaining agreement—as the basis for his petition

(*compare*, *Matter of Board of Educ. v Ambach*, 70 NY2d 501, *cert denied sub nom. Margolin v Board of Educ.*, 485 US 1034; *see*, *Matter of Susquehanna Val. Teachers Assn. [Board of Educ.]*, 75 AD2d 140, *affd* 52 NY2d 1034). Since "the grounds urged for relief" and remedies sought in each forum are separate and distinct (*Matter of City School Dist. [Poughkeepsie Pub. School Teachers Assn.]*, 35 NY2d 599, 606), there was no failure to exhaust administrative remedies by petitioner with respect to the grievance procedure (*see generally*, *Matter of England v Commissioner of Educ. of State of N. Y.*, 169 AD2d 868, *lv dismissed in part, lv denied in part* 77 NY2d 956; *cf.*, *Matter of Board of Educ. v Ambach, supra*; *Matter of Sargent v Board of Coop. Educ. Servs.* 149 AD2d 921, 922).

Nor was petitioner required to exhaust his administrative remedies with an appeal to the Commissioner of Education pursuant to Education Law § 310. Because he has alleged violations of his statutory rights, direct resort to the courts was permissible (*see*, *Matter of Cohn v Board of Educ.*, 58 AD2d 977, 978; *Matter of Lezette v Board of Educ., Hudson City School Dist.*, 43 AD2d 755, 755-756, *mod on other grounds* 35 NY2d 272, 277-278; *see also*, *Matter of Cady v Clark*, 176 AD2d 1055, 1056) for a determination on the merits as to whether petitioner was appointed to a vacant tenured position or whether he was legally hired on a temporary basis as a true substitute.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and respondent is directed to file an answer within 20 days of the date of this Court's decision.