■ In the Matter of BRIAN MOHR, Appellant, v BOARD OF EDUCATION OF SALAMANCA CITY CENTRAL SCHOOL DISTRICT et al., Respondents. [701 NYS2d 560] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was employed by respondent Board of Education of the Salamanca City Central School District (Board) in the fall of 1978 to serve for

one year as a professional assistant (teacher's aide) in its Bilingual Education Program. He was reappointed annually to that position from 1979 through June 1982. In September 1982 the Board employed petitioner as a Title VII Bilingual Resource Teacher for one year, and he was reappointed annually to that position through 1985. Petitioner then left the employ of the Board for two years. On July 15, 1987, the Board reemployed petitioner for a one-year period to the position of "Title IV-A Program Director/Iroquois Culture Teacher, Administrator of SYC and SYD". He was reappointed annually to that position until 1993, when he was appointed to the position of "Permanent Substitute in the Elementary tenure area" for a three-year probationary period commencing October 26, 1993. On August 9, 1994, the Board abolished the permanent substitute position, and, because petitioner was the least senior teacher in that tenure area, the Board terminated his services. Petitioner commenced this proceeding seeking reinstatement with back pay and benefits.

Petitioner does not challenge the propriety of the Board's abolition of the permanent substitute position or the Board's determination that he was the least senior teacher in that tenure area. Petitioner contends that he acquired tenure by estoppel as a teacher of Seneca Language/Iroquois Culture during his employment from 1987 through 1993 as the Program Director/Iroquois Culture Teacher and that, upon termination as a probationary permanent substitute, he was entitled to "bump" a teacher in the Seneca Language/Iroquois Culture tenure area with less seniority or, alternatively, to be placed on the preferred list for employment in "similar positions". Supreme Court properly rejected those contentions.

A person employed as a teacher by a school district for an entire probationary period may attain tenure by estoppel (see, Education Law § 2509 [2]; Matter of Speichler v Board of Coop. Educ. Servs., 90 NY2d 110, 114). However, because his employment was dependent upon the continued funding of grants, petitioner was hired by the Board pursuant to a series of one-year contracts; he was not hired to serve a probationary term. Further, the teaching responsibilities of petitioner did not comprise more than 50% of his work load (see, Matter of Coates v Ambach, 52 AD2d 261, 264, affd 42 NY2d 846; Matter of Maine-Endwell Teachers Assn. v Maine-Endwell Cent. School Dist., 92 AD2d 1052, 1053). Thus, petitioner did not attain tenure by estoppel and is not entitled to "bump" a teacher with less seniority.

With respect to placement on a preferred list, it is well

settled that a teacher is entitled to be placed on a preferred eligible list if he or she is certified in the same or a similar tenure area (*see, Matter of Chauvel v Nyquist*, 43 NY2d 48; *Matter of Brown v Board of Educ.*, 211 AD2d 887). Petitioner is not certified to teach in the Elementary Education tenure area, nor is he certified to teach in a similar area. Although he possesses a permit, which is the equivalent of certification, to teach Seneca Language/Iroquois Culture, it is uncontroverted that the closest tenure area to Seneca Language/Iroquois Culture is the foreign languages tenure area, which applies to seventh grade and above, not to the elementary grades (*see*, 8 NYCRR 30.7). Thus, petitioner is not certified in the same or a similar tenure area and is not entitled to placement on a preferred eligibility list. (Appeal from Judgment of Supreme Court, Cattaraugus County, Feeman, Jr., J.—CPLR art 78.) Present— Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.