OPINION OF THE COURT
Robert J. Lunn, J.
On June 30, 2002, respondent terminated petitioner from his position as a vocational education teacher. Petitioner, claiming tenure by estoppel, seeks by way of this CPLR article 78 proceeding reinstatement with back pay. A brief history of petitioner’s employment with respondent is necessary in order to consider his claims.
Petitioner was first appointed to a full-time teaching position on March 3, 1997. At the time of this appointment, petitioner did not possess either a provisional or permanent teacher’s certificate. Effective August 25, 1997, petitioner was appointed as a “regular substitute Vocational/Technical Education teacher.” The letter from the district superintendent notifying petitioner of this appointment specifically stated that the appointment “will end June 16, 1998.” Petitioner was instructed to submit a letter of interest if he wished to be considered for a position with the Board of Cooperative Educational Services (BOCES) for the following year. For each of the next three *180 years, petitioner submitted letters expressing his interest in returning to BOCES as the building services teacher for the following school year. Each year petitioner was appointed as either a “regular” or “long-term” substitute teacher. These appointments were for the school years 1998-1999 through 2000-2001. Throughout this period of time, petitioner was employed under a temporary license as he had not yet completed the requirements to obtain his provisional certification. On October 4, 2001, the State Education Department issued petitioner a provisional teacher’s certificate. The certificate was made retroactive to September 2000. Thereafter, respondent appointed petitioner to a three-year probationary teaching assignment. The appointment was also made retroactive to September 1, 2000. According to respondent, petitioner’s probationary period would expire on August 31, 2003. Petitioner was notified on May 29, 2002 that he was being terminated effective June 30, 2002. Petitioner thereafter brought this article 78 proceeding seeking reinstatement.
Respondent first urges this court to dismiss the petition pursuant to the doctrine of primary jurisdiction. The court declines this invitation. Under the doctrine of primary jurisdiction, a court should refrain from exercising jurisdiction over a matter where an administrative agency also has jurisdiction and a determination of the question involved in the proceeding depends upon the specialized knowledge and experience of the administrative agency (see Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954, 955 [3d Dept 1996]). While the Commissioner of Education, pursuant to Education Law § 310, may also have jurisdiction of this matter, the crux of the issue to be decided is one of law and not fact. This distinguishes this case from those cited by respondent in support of its position that this court should not exercise jurisdiction over the matter pursuant to the doctrine of primary jurisdiction (cf. Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954 [1996], supra; Board of Educ., Somers Cent. School Dist. v Anderson, 140 Misc 2d 1088 [Sup Ct, Westchester County 1988]). Also, this court is not obligated to follow Justice Polito’s unreported decision in Matter of McNamara (Sup Ct, Monroe County, Sept. 28, 2000, Index No. 2000/8940), as it is a court of coordinate jurisdiction (see Eaton v Chahal, 146 Misc 2d 977, 983 [Sup Ct, Rensselaer County 1990]).
Likewise, the petition should not be dismissed because petitioner failed to exhaust his administrative remedies. Re *181 spondent argues that the petition is subject to dismissal because petitioner did not first appeal his claims to the Commissioner of Education pursuant to Education Law § 310. However, where, as here, a petitioner alleges violations of his statutory rights, direct resort to the courts is permissible. Petitioner is not required to first exhaust his administrative remedies with an appeal to the Commissioner of Education (Matter of Cohn v Board of Educ. of Hammondsport Cent. School, 58 AD2d 977, 978 [4th Dept 1977]; Matter of Sokol v Granville Cent. School Dist. Bd. of Educ., 260 AD2d 692, 694 [3d Dept 1999]).
Turning to the merits of the petition, petitioner claims that since he was employed by respondent as a full-time teacher for five years, he obtained tenure by estoppel. Tenure by estoppel results “when a school board accepts the continued services of a teacher or administrator, but fails to take the action required by law to either grant or deny tenure prior to the expiration of the teacher’s probationary term” (Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 187 [1995]). According to petitioner, his tenured status made his termination unlawful as it was done without first affording him the hearing required under Education Law § 3020-a.
In order to be a teacher in a New York State public school, one must possess a teacher’s certificate (Education Law § 3001). A certified teacher is subject to a three-year probationary period prior to obtaining tenure (Education Law § 3014 [1]; Matter of Speichler v Board of Coop. Educ. Servs., Second Supervisory Dist., 90 NY2d 110, 114 [1997]). Only a person who is fully and properly qualified may obtain tenure (Ricca v Board of Educ. of City School Dist. of City of N.Y., 47 NY2d 385, 393 [1979]). Except as may be provided under Education Law § 2509 (1) (a), service as a substitute teacher does not constitute probationary service for purposes of obtaining tenure as a regular teacher (Ricca, 47 NY2d at 393). Education Law § 2509 (1) (a) allows a teacher who has rendered satisfactory service as a regular substitute for a period of two years immediately prior to his or her probationary period to have a shortened probationary period of one year. This is the so-called “Jarema credit,” named for the bill’s sponsor, Assemblyman Stephen J. Jarema (Speichler v Board of Coop. Educ. Servs., 90 NY2d at 114).
Petitioner apparently argues that he should have been given Jarema credit for the two years immediately prior to his probationary period when he served as a regular substitute *182 teacher. He would then have been subject only to a one-year probationary period which would have expired on August 31, 2001. However, this court agrees with respondent that Jarema credit cannot be given to a regular substitute who does not possess a valid teacher’s certificate (see Matter of Speichler v Board of Coop. Educ. Servs., 90 NY2d 110 [1997], supra). Otherwise petitioner would be the recipient of the anomalous result of earning tenure by estoppel prior to even obtaining a provisional teacher’s certificate. Petitioner’s provisional teacher’s certificate was not issued by the State Education Department until October 4, 2001. It was made retroactive to September 1, 2000. Such a result would mandate that the BOCES act to grant or deny tenure to petitioner before he even obtained a valid teacher’s certificate. Surely the BOCES does not have this authority (see Education Law § 3010).
Additionally, petitioner’s employment during the 1997-1998, 1998-1999 and 1999-2000 school years was for one-year terms. He acknowledged this by annually submitting a letter expressing his interest in returning for the following year. These annual appointments, coupled with petitioner’s lack of certification, cannot serve as a probationary term (see Mohr v Board of Educ. of Salamanca City Cent. School Dist., 267 AD2d 983 [4th Dept 1999]).
For the foregoing reasons, petitioner was lawfully terminated during his probationary period. Accordingly, the petition is denied and dismissed.