# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**289**
**CA 11-01929**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

CHRISTOPHER CATUZZA, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID RODRIGUEZ, ESQ., NOEMI
FERNANDEZ-HILTZ, ESQ., AND THE LAW
OFFICES OF NOEMI FERNANDEZ, PLLC,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (KARA M. ADDELMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT DAVID RODRIGUEZ, ESQ.

HURWITZ & FINE, P.C., BUFFALO (EARL K. CANTWELL OF COUNSEL), FOR
DEFENDANTS-APPELLANTS NOEMI FERNANDEZ-HILTZ, ESQ., AND THE LAW OFFICES
OF NOEMI FERNANDEZ, PLLC.

KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County
(Frederick J. Marshall, J.), entered April 4, 2011 in a legal
malpractice action. The order denied the motions of defendants for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action
seeking damages allegedly resulting from defendants' negligence in
their representation of him in an action against, inter alia, his
former employer, the Erie County Water Authority (hereafter, ECWA
action). The ECWA action was dismissed based upon plaintiff's failure
to comply with discovery demands. Supreme Court properly denied the
motion of defendant David Rodriguez, Esq. and the motion of defendants
Noemi Fernandez-Hiltz, Esq. and The Law Offices of Noemi Fernandez,
PLLC seeking summary judgment dismissing the complaint. Defendants
moved for such relief on the ground that plaintiff could not have
prevailed in the ECWA action, inasmuch as he failed to exhaust his
administrative remedies by appealing the determination of the Hearing
Officer in the prior proceeding pursuant to Civil Service Law § 72.
Defendants, however, failed to establish as a matter of law that the
complaint in the ECWA action would have been dismissed on that ground
(*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).
Failure to exhaust administrative remedies is a defense that may be
waived if not timely raised (*see Matter of Punis v Perales*, 112 AD2d

236, 238), and the defendants in the ECWA action did not raise that defense in their answer.  Further, inasmuch as " 'the grounds urged for relief' and the remedies sought in [the ECWA action and the prior Civil Service Law § 72 proceeding] are separate and distinct," plaintiff did not fail to exhaust his administrative remedies with respect to the conduct of the defendants in the ECWA action (*Matter of Sokol v Granville Cent. School Dist. Bd. of Educ.*, 260 AD2d 692, 694).

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court