Angelo Mauceri, J.
The motion is to restrain the Board of Education of Union Free School District No. 1, Town of Huntington, from conducting a hearing pursuant to paragraph c of subdivision 6 of section 3214 of the Education Law.
The petitioner seeks time to petition the Commissioner of Education to review two previous suspensions of the petitioner’s son, who is a student in the school district and was allegedly possessed of dangerous drugs while on school property.
The petitioner alleges that two previous actions of the Board of Education were in violation of the statutes, and further, the petitioner did not receive ample notice to prepare for a hearing ordered by the Board of Education subsequent to the suspensions. The respondent submitted affidavits in opposition.
*12 It must be noted that the tenor of the times has changed in our nation. Our educational systems have become the battleground for individual freedoms, and at times, without regard for the rights of the majority of our citizens. The constant attack on school administrations has been directed at their permissiveness and failure to meet and to combat problems that are inherent in our society. There is no question that the plague of drug abuse is rampant among our youth. Its use is prevalent among our student populations from junior high school to college level. It is necessary that our entire population, and most assuredly the schools, take an active part in this fight for the minds and souls of our youth. The day that school administrators can hide their heads in educational cliches is over. They must join the world of reality in dealing with all the problems that confront our youth. It is encumbent upon school administration to place in positions of authority, people who have experience in the field of student and people relations and not callow, inexperienced administrators tied by economics or ideology to either side of the question. It is time for a reasoned, unemotional and intelligent daily approach to our problems and not a reaction to each new crisis. Only in this way can we meet the pressures of our society, come to grips with the problems and develop meaningful resolutions.
In the instant matter, the Board of Education violated the principles of paragraph c of subdivision 6 of section 3214 of the Education Law by suspending the petitioner’s son for more than five days without a hearing. This action was probably occasioned by the failure to have standardized rules of procedure which are necessary in any administration. But this violation can be taken up with the Commissioner of Education at a later date for remedial action. The issue here is whether the Board of Education should be restrained from conducting a hearing because of their previously illegal action. In holding a hearing now, the court does not exonerate the board from the prior action, but in point of fact, will allow them to proceed in an orderly and legal manner pursuant to the Education Law. It is both a statutory and moral obligation that Boards of Education proceed diligently to protect ‘1 the morals and welfare ’ ’ of other students. These respondents wish to proceed in that manner and the court sees no reason to restrain them from conducting a hearing upon proper notice. Any and all rulings of the Boards of Education are subject to review by proper authority and will not place any greater burden upon the petitioner.
The motion is, therefore, denied.