◼ In the Matter of PATRICIA BARONE et al., Respondents, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF SUFFOLK COUNTY, THIRD SUPERVISORY DISTRICT, et al., Appellants, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to inform the petitioners of their rights pursuant to Education Law § 3014-b, the appeals (by permission), are from an order of the Supreme Court, Suffolk County (Lama, J.), dated November 16, 1984, which, *inter alia,* vacated a prior judgment dismissing the proceeding and directed an evidentiary hearing, and from an amended order of the same court, dated December 4, 1984, to the same effect.

Ordered that the appeals from the order dated November 16, 1984, are dismissed, as that order was superseded by the amended order dated December 4, 1984; and it is further,

Ordered that the amended order dated December 4, 1984, is affirmed; and it is further,

Ordered that the petitioners-respondents are awarded one bill of costs, payable by the appellants.

The issue to be resolved in this proceeding namely, whether there was a takeover within the meaning of Education Law § 3014-b, is not solely within the special competence of the New York State Department of Education. Therefore, the doctrine of primary jurisdiction does not apply *(cf. Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296, 300, *affd* 58 NY2d 734). This court has previously determined that the interpretation and application of Education Law § 3014-b are within the province of the courts *(see, Matter of Sklar v Board of Coop. Educ. Servs.,* 104 AD2d 622; *Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.,* 99 AD2d 836; *Koch v Putnam-Northern Westchester Bd. of Coop. Educ. Servs.,* 98 AD2d 311, *lv dismissed* 63 NY2d 895; *Matter of Acinapuro v Board of Coop. Educ. Servs.,* 89 AD2d 329). Accordingly, Special Term did not err in refusing to defer jurisdiction to the New York State Commissioner of Education. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.