[630 NYS2d 317]

Kenneth H. Guice, Appellant, v Charles Schwab & Co., Inc., Respondent.

First Department, August 10, 1995

## APPEARANCES OF COUNSEL

*Richard M. Meyer* of counsel, New York City *(Milberg Weiss Bershad Hynes & Lerach,* attorneys), for appellant.

*Catherine A. Ludden* of counsel, New York City *(John E. Failla* on the brief; *Morgan, Lewis & Bockius,* attorneys), for respondent.

## OPINION OF THE COURT

KUPFERMAN, J.

In this class action seeking damages and injunctive relief against defendant, a discount brokerage firm, the issue presented is whether plaintiff's complaint, seeking injunctive relief and damages under various State law theories as the result of defendant's practice of directing its customers' orders to certain market makers in return for cash and nonmonetary payments for such "order flow", violates the Supremacy Clause and Commerce Clause of the United States Constitution and would interfere with the pervasive Federal regulatory scheme and the primary jurisdiction given to the Securities and Exchange Commission (SEC) over matters affecting the national securities markets.

█ We disagree with the IAS Court that the present case, a common-law tort action to determine the reasonableness of the industry-wide practice of payment for order flow, would be absolutely inconsistent with the Federal regulatory scheme in light of the SEC's monitoring of the situation for the purpose of regulation. We also note that the Minnesota case cited by the court with approval has been reversed on appeal *(Dahl v Charles Schwab & Co.,* 524 NW2d 742, *review granted* — NW2d — [Feb. 14, 1995] [Minn]). In so ruling, the Minnesota Court of Appeals found that there was no conflict between Minnesota law and Federal law concerning the regulation of order flow payments and also found no Federal preemption inasmuch as Congress had passed no statute dealing directly with order flow payments and, at the time that case was argued, the SEC had not promulgated any final regulations regarding the receipt of order flow payments (524 NW2d 742, 744-745, *supra).* It did not reach the issue of whether Minnesota law would be preempted when the then-proposed SEC rule 11Ac1-3 (17 CFR 240.11Ac1-3) and the amendment to SEC rule 10b-10 (17 CFR 240.10b-10) took effect *(supra,* at 745, n 3); their effective date has since been delayed from April 3, 1995 to October 2, 1995 (Release No. 35473, 60 Fed Reg 14366).

Here, as in *Dahl (supra)* there is no specific conflict between New York statutory or common law and the new regulations and no provision of the Securities Exchange Act of 1934 or the rules promulgated thereunder explicitly displaces State law with respect to the practice of payments for order flow. *(See,* Stone & Facciolo, Outside Counsel, *Order Flow Cases: Jurisdiction, Preemption and Securities Laws,* NYLJ, May 9, 1995, at 1, col 1, at 4, col 6.)

It is settled that preemption of State law by Federal statute or regulation is not favored absent persuasive reasons either that the nature of the regulated subject matter permits no other conclusion, or that Congress has unmistakenly so ordained, although the issue of preemption would still arise if compliance with both the Federal and State law is impossible or where the State law is an obstacle to the accomplishment of the purposes of the Federal scheme *(Florida Avocado Growers v Paul,* 373 US 132, 142-143; *see also, Freightliner Corp. v Myrick,* 514 US —, 115 S Ct 1483).

As in *Nader v Allegheny Airlines* (426 US 290), in which a common-law tort action alleging fraudulent misrepresentation for the airline's failure to disclose to a customer its deliberate overbooking policy was permitted to proceed despite the fact that the Civil Aeronautics Board monitored the practice but did not disapprove of it, plaintiff, as limited by his brief, does not seek to bar totally the practice of payments for order flow, "except where, as here 'full and frank disclosure' has not been made * * * and then only to the extent the relief sought is available". Here, it appears that the SEC had the opportunity to bar completely the order flow practice and was clearly aware of the existence of common-law remedies, but sought neither to ban the practice nor to comment upon or suggest preemptive legislation.

■ Although the IAS Court did not discuss primary jurisdiction, that doctrine should not bar plaintiff's action inasmuch as there is no mechanism for referral of plaintiff's claims to the SEC and its particular expertise is not required with respect to his claims *(see, Reiter v Cooper,* 507 US —, —, 113 S Ct 1213, 1220).

Finally, in partially reinstating the complaint we remand the matter to the IAS Court to determine the remaining grounds for defendant's motion to dismiss plaintiff's remaining claims inasmuch as such issue has not been briefed or presented for our review. We note however plaintiff's admission

below that there is no private right of action under the Martin Act (General Business Law § 352-c; *see, CPC Intl. v McKesson Corp.,* 70 NY2d 268) and his third cause of action was, therefore, properly dismissed.

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered October 7, 1994, which granted defendant's motion to dismiss the complaint, should be modified, on the law, that part of defendant's motion seeking dismissal on Federal preemption and primary jurisdiction grounds should be denied and the matter should be remanded for determination of the remaining grounds for defendant's motion. As so modified, the order should otherwise be affirmed with respect to the third cause of action, without costs.

ELLERIN, J. P., WALLACH, NARDELLI and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 7, 1994, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, that part of defendant's motion seeking dismissal on Federal preemption and primary jurisdiction grounds denied, and the matter remanded for determination of the remaining grounds for defendant's motion. With respect to the third cause of action, the order, as so modified, is otherwise affirmed, without costs.