■ FRANK J. EVANGELIST, JR., Appellant, v FIDELITY BROKERAGE SERVICES, INC., Respondent. [637 NYS2d 392] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 25, 1995, granting defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the motion except as to the third cause of action, and, except as thus modified, affirmed, without costs or disbursements.

This is an appeal from the dismissal of a class action by plaintiff, a customer, alleging that defendant, a discount securities broker, in violation of New York State statutory and common law, received payments, called "order flow payments" from market makers for placing its orders with them. According to plaintiff, defendant's practice of receiving cash payments or other inducement was never disclosed to its customers either in its advertisements or customer agreements and "fundamentally corrupted the integrity of the securities mar-

ket in which [defendant] operated." Thus, plaintiff alleges, although defendant advertised low commissions, the dealers' non-disclosed payments effectively made each transaction more profitable to defendant. In dismissing the complaint, the IAS Court held that the Supremacy Clause of the United States Constitution barred this action even though the customer's complaint alleges the broker's acceptance of payments in violation of State law. In so ruling, the IAS Court relied heavily on a prior decision from the Hennepin County District Court in Minnesota dismissing a complaint in a case brought on behalf of Minnesota residents against another broker alleging facts virtually identical to the facts of this case. That determination was subsequently reversed by the Minnesota Court of Appeals (*Dahl v Charles Schwab & Co.*, 524 NW2d 742, 747), which held that "there is no conflict between Minnesota common or statutory law and federal law concerning the regulation of order flow payments" and that "the doctrine of primary jurisdiction does not bar [plaintiffs] from asserting their actions in the state district court". The IAS Court distinguished *Dahl* from the instant case on the ground that the plaintiffs there did not so much as suggest that the order flow payments were illegal under Minnesota law while the plaintiff here alleged that the payments paid for order flow are illegal and constitute commercial bribes in violation of New York law. In so ruling, the IAS Court ignored that fact that here, as in the Minnesota case, the complaint "challeng[es] a securities brokerage firm's retention of order flow payments without adequate disclosure" (*supra*, at 747). The bulk of the complaint herein alleges violations of fiduciary duty based upon a failure to disclose the receipt of inducements for order flow. The IAS Court also relied upon a then recent decision of the Supreme Court, New York County, *Guice v Charles Schwab & Co.* (Shainswit, J.), subsequently modified by this Court (214 AD2d 53, *lv granted* 222 AD2d 1131), which, with respect to a complaint virtually identical to the one herein, specifically addressed and rejected the defendant security broker's Federal preemption and primary jurisdiction arguments.

Defendant's sole basis for distinguishing this case from *Dahl (supra)* and *Guice (supra)* is that they were decided before the October 2, 1995 effective date of a new Securities and Exchange Commission (SEC) rule (SEC Rule 10b-10 [a] [7] [iii] [codified at 17 CFR 240.10b-10 (a) (7) (iii)]), which requires that a broker give a client written notification disclosing "whether any other remuneration has been or will be received and that the source and amount of such other renumeration will be furnished upon written request of such customer" and that this appeal is being

heard after that date. Even assuming that Federal law now authorizes payment for order flow, it did not do so retroactively.

The third cause of action was properly dismissed since, as noted in *Guice* (214 AD2d, *supra,* at 56), the Martin Act does not provide a private cause of action. (*See, CPC Intl. v McKesson Corp.*, 70 NY2d 268.)

We have considered the other arguments raised by defendant in support of dismissal and find that they are without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Williams, JJ.