■ In the Matter of EDMUND J. MANDELL, Petitioner, v BOARD OF EDUCATION OF THE SYOSSET CENTRAL SCHOOL DISTRICT, Respondent. [662 NYS2d 598] —Proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the respondent Board of Education of the Syosset Central School District, dated November 12, 1996, which adopted the decision of the Superintendent of Schools of the Syosset School District, made upon the recommendation of a Hearing Officer, to suspend the petitioner for 20 school days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, an elementary school student, brought to school a utility knife which included an approximately three-inch-long blade, as well as an approximately four-inch-long jagged saw. Following a hearing, the respondent Board of Education of the Syosset Central School District adopted the decision of the Superintendent of Schools of the Syosset Central District, made upon the recommendation of a Hearing Officer, to suspend the petitioner for 20 school days. The petitioner commenced this CPLR article 78 proceeding asserting, *inter alia*, that the determination was not made upon substantial evidence and that the punishment imposed was excessive.

Whether or not the petitioner possessed a knife on school premises was not an issue solely within the special competence of the Commissioner of Education. Accordingly, the doctrine of primary jurisdiction does not apply (*see, Matter of Hessney v Board of Educ.*, 228 AD2d 954; *Matter of Barone v Board of Coop. Educ. Servs.*, 125 AD2d 305; *cf., Matter of Patti Ann H. v New York Med. Coll.*, 88 AD2d 296, 301, *affd* 58 NY2d 734).

It is well settled that an administrative determination is supported by substantial evidence when the evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*People ex rel. Vega v Smith*, 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180). In this case, the record established that the principal of Baylis Elementary School found the knife in the petitioner's book bag and that the petitioner had shown the knife to other students while on school property. Accordingly, the determination that the petitioner violated Baylis Elementary School policy against possessing a weapon on school premises was supported by substantial evidence (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 140; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Furthermore, the determination that the petitioner should be suspended for 20 school days as a result of the violation was not " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ., supra*, at 233; *Matter of Benson v Board of Educ.*, 209 AD2d 693; *see also, Matter of John Paterno, Inc. v Curiale*, 88 NY2d 328, 336).

The petitioner's remaining contentions are without merit (*see generally, Matter of Juan C. v Cortires*, 89 NY2d 659; *Matter of Gregory M.*, 82 NY2d 588). Bracken, J. P., Copertino, Sullivan and McGinity, JJ., concur.