*759 OPINION OF THE COURT
Sandra J. Feuerstein, J.
The petition, pursuant to CPLR article 78, seeking an order, inter alia, annulling the determination of the respondent, Board of Education of the Hempstead Public School District (Board), which accepted the petitioner’s resignation, and the Board’s motion to dismiss the petition are determined as hereinafter provided.
The petitioner was a probationary school teacher at Hemp-stead High School during the 1997-1998 school year. By letter dated January 30, 1998 to the personnel department of the Board the petitioner indicated her intent to resign from her position with the intent to remain for the mandated 30 days.
On February 23, 1998, the petitioner hand-delivered a letter to the Superintendent of the Hempstead School District, Dr. Nathaniel Clay, stating that she was withdrawing her resignation and had “decided to remain at Hempstead High School for at least the remainder of [her] contract.”
By letter dated February 27, 1998, Dr. Clay advised the petitioner that the Board accepted her resignation at its meeting on February 26, 1998.
Despite the petitioner’s insistence that she should be allowed to return to work, Dr. Clay informed the petitioner by letter dated March 11, 1998 that her resignation, effective March 1, 1998, was final and that she was no longer considered an employee of Hempstead Union Free School District.
On April 17, 1998 the petitioner filed a notice of claim with the Board and in July commenced the instant CPLR article 78 proceeding for an order “declaring that the acceptance of petitioner’s resignation by the respondent is void, and ordering that petitioner be reinstated nunc pro tunc effective March 1, 1998 with full back pay and all benefits of employment”. The Board moves to dismiss on the grounds that the Commissioner of Education has exclusive jurisdiction over this matter and that the petitioner has failed to state a claim.
Initially, the Board’s jurisdictional objection is meritless because the doctrine of primary jurisdiction only applies when the issue to be resolved falls solely within the special competence of the Commissioner of Education (see, Matter of Mandell v Board of Educ., 243 AD2d 479; Matter of Barone v Board of Coop. Educ. Servs., 125 AD2d 305). Here, whether or not the petitioner could withdraw her resignation is not solely within the special competence of the Commissioner.
*760 It is well settled that a teacher’s resignation may not be withdrawn after it has been accepted by school authorities (see, Schmitt v Hicksville UFSD No. 17, 200 AD2d 661; Matter of Sherman v Board of Educ., 88 Misc 2d 661). Therefore, the converse must also be true that a resignation may be withdrawn at any time prior to acceptance by school authorities (see, Matter of Petnick, 14 Ed Dept Rep 141 [1974]).
Here, it is undisputed that the petitioner withdrew her resignation before it was accepted by the Board. The Board, however, contends that it is the policy of the Hempstead School District that the Superintendent is the “school authority” empowered to accept resignations of teachers. Therefore, the Board asserts that when the petitioner’s resignation was accepted by the Superintendent, Dr. Clay, it was final.
This argument is unpersuasive for several reasons. First, the Board has not provided the court with a copy of the Hempstead School District Policy which purportedly appoints the Superintendent to accept resignations. Second, the Superintendent never indicated, either orally or in writing, his acceptance of the petitioner’s resignation. Third, and finally, this contention is belied by the fact that the petitioner’s resignation was presented to the Board for its acceptance. If the Superintendent had the authority to accept the petitioner’s resignation, then there was no reason for the Board to accept it.
Accordingly, the court finds that the Board’s acceptance of the petitioner’s resignation was arbitrary and capricious and is annulled. The petition is granted to the extent that the petitioner is entitled to back pay and all applicable benefits from March 1, 1998 to June 30, 1998. The petitioner is not entitled to reinstatement, however, because her probationary contract expired on June 30, 1998.
The Board’s motion is denied.