■ CITY SCHOOL DISTRICT OF THE CITY OF ELMIRA, Respondent, v JAMES C. NEWCOMB, Appellant. [697 NYS2d 736] —Carpinello, J. Appeal from an order of the Supreme Court (Ellison, J.), entered June 19, 1998 in Chemung County, which, *inter alia*, denied defendant's cross motion for summary judgment.

At issue in this declaratory judgment action is the status of defendant's employment with plaintiff. At the commencement of the 1997-1998 school year, defendant claimed that he was unable to return to his position as a tenured guidance counselor due to medical problems and he subsequently did not work (with the apparent exception of two days) for the entire fall semester. By letter dated December 11, 1997, he tendered a written notice of retirement and request for a paid medical leave of absence. According to plaintiff, this letter was submitted pursuant to a settlement agreement between the parties whereby defendant would be granted a paid leave of absence between December 11, 1997 and February 1, 1998 and would retire as of the latter date, and plaintiff would forgo pursuing disciplinary charges against him.

In apparent reliance on this understanding, plaintiff paid defendant nearly $8,000, but before plaintiff's Board of Education (hereinafter the Board) officially acted upon the retirement letter, defendant submitted a second letter rescinding the first. On January 13, 1998, the Board passed a resolution denying defendant's rescission attempt unless he returned the previously paid leave funds and presented medical documentation certifying his ability to work. Neither of these conditions were met.

Defendant's March 3, 1998 verified claim seeking rescission

---

of the Board's January 13, 1998 action prompted plaintiff to commence this action for a declaration that defendant had no right to unilaterally rescind his retirement letter and that his retirement was effective February 1, 1998. In addition to asserting the existence of a legally enforceable settlement agreement between the parties, plaintiff asserts that it took steps in reliance upon defendant's agreement to retire, including hiring a replacement. At issue on this appeal is the propriety of Supreme Court's order denying defendant's cross motion for summary judgment in his favor.*

Defendant argues that this is a simple rescission before acceptance case, i.e., because he rescinded his retirement letter prior to its acceptance by the Board, plaintiff had no authority to terminate his employment and such action was arbitrary, capricious and an abuse of discretion. Plaintiff, on the other hand, asserts that defendant's letter of retirement was not a unilateral act on his part but rather the culmination of a settlement agreement between the parties and therefore it was not obligated to treat the retirement letter as withdrawn. While authority exists to support the general proposition that a retirement letter may be withdrawn prior to a legally binding acceptance by a board of education (*see, e.g., Matter of Totevski v Board of Educ.*, 178 Misc 2d 758; *Matter of Petnick*, 14 Educ Dept Rep 141; *Matter of Goodrow*, 7 Educ Dept Rep 39; *Matter of Lawrence*, 6 Educ Dept Rep 119), questions of fact preclude application of this principle at this juncture. These issues of fact include whether the retirement letter was the result of an agreement between the parties such that it could not be unilaterally rescinded and whether the absence of a formal acceptance by the Board was not fatal because it indicated its acceptance in other ways (*see, e.g., Matter of Zarada v Board of Educ.*, 42 Misc 2d 509, 510). Simply stated, the record at this stage does not unequivocally establish either party's position or, more specifically, defendant's entitlement to a declaration in his favor. Accordingly, Supreme Court properly denied his cross motion for such relief.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* In his amended answer, defendant admits only that he "participated in discussions regarding a paid medical leave of absence and submission of a retirement document".