■ In the Matter of RYAN LANGSTON, by Next Friend, DANIEL LANGSTON, Petitioner, v IROQUOIS CENTRAL SCHOOL DISTRICT et al., Respondents. [736 NYS2d 815] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (O'Donnell, J.), entered April 26, 2001 seeking to annul a determination suspending petitioner from high school.

It is hereby ordered that said petition be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination suspending his son from high school. Supreme Court erred in denying respondents' motion to dismiss the proceeding as barred by the doctrine of primary jurisdiction and in transferring the proceeding to this Court pursuant to CPLR 7804 (g). "The doctrine of primary jurisdiction 'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views'" (*Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 156). Here, petitioner failed to "appeal by petition" to the Commissioner of Education pursuant to Education Law § 310 (7) and thus a court should not exercise jurisdiction in this matter until such an appeal is taken (*see, Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296, 300-301, *affd* 58 NY2d 734). Although "[t]here is no fixed formula governing the application of the doctrine [of primary jurisdiction] to the facts of a particular case" (*Heller v Coca-Cola Co.,* 230 AD2d 768, 769, *lv denied in part and dismissed in part* 89 NY2d 856), we conclude that the doctrine applies here because the claim depends upon "the specialized knowledge and experience" of the Commissioner of Education (*Matter of Hessney v Board of Educ.,* 228 AD2d 954, 955, *lv denied* 89 NY2d 801). In view of our determination, we do not

address the merits of the petition. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.