◼ In the Matter of PATRICK CONNOLLY et al., Appellants, v RYE SCHOOL DISTRICT et al., Respondents. [817 NYS2d 663]—

In a proceeding, inter alia, pursuant to CPLR article 78, in effect, to review a determination of the respondent Edward Shine dated July 18, 2005, denying the petitioners' request to enroll their son in Rye High School as a nonresident student, the petitioners appeal, as limited by their brief, from so much of a order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), entered January 3, 2006, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the determination is annulled, and the matter is remitted for a new determination not inconsistent herewith.

The petitioners enrolled their 15-year-old son in Rye High School as a nonresident student. On March 23, 2005 the school principal, Dr. James Rooney, received information which led him to conclude that the petitioners' son had made threats of violence against other students and school staff members on a website. Dr. Rooney suspended the petitioners' son from school indefinitely, memorializing his decision in a letter to the petitioners dated March 24, 2005.

On May 4, 2005 the petitioners commenced a proceeding pursuant to CPLR article 78. They claimed that their son did not create the objectionable entries on the website in question and argued, among other things, that the respondents violated Education Law § 3214 by wrongfully discharging their son from school without notice or a hearing. The parties ultimately resolved the CPLR article 78 proceeding by entering into a stipulation of settlement (hereinafter the stipulation). Pursuant to the stipulation, the petitioners agreed that their petition would be dismissed with prejudice and the respondents agreed to end the suspension, discontinue all charges related to the suspension, with prejudice, and expunge all records pertaining to the charges.

Subsequently, the petitioners re-enrolled their son in Rye High School and paid the tuition. By letter dated July 18, 2005, however, the respondent Dr. Edward Shine, Superintendent of Schools, informed the petitioners that he had "come to the conclusion that [their] son [was] no longer a student in good standing at Rye High School as defined in Board Policy 6254" and that, as a result, their tuition payment would be returned and their son would "not be accepted back as a [non-resident] tuition student." According to the letter, Dr. Shine came to this conclusion "[a]fter reviewing information provided by Dr.

Rooney, Rye High School Principal, regarding [the petitioner's son's] behavior [i.e. website threats toward teachers and students] during this last school year."

The petitioners then commenced the instant proceeding, inter alia, pursuant to CPLR article 78, alleging that Dr. Shine's action was barred by the stipulation. The Supreme Court, inter alia, denied the petition and dismissed the proceeding on the ground that the petitioners had failed to exhaust their administrative remedies by appealing to the Commissioner of Education (hereinafter the Commissioner).

The stipulation is a contract (*see Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison,* 22 AD3d 587, 591 [2005]; *cf. Matter of Long Is. Light. Co. v Ambro,* 290 AD2d 508 [2002]). The respondents entered into that contract and are obligated to comply with it (*see Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison, supra; see generally Honess 52 Corp. v Town of Fishkill,* 266 AD2d 510 [1999]; *cf. Matter of Rigia v Koehler,* 165 AD2d 525, 528 [1991]). However, Dr. Shine's determination to deny enrollment to the petitioners' son was based, at least in part, on material that he was foreclosed by the stipulation from considering. This was clearly inconsistent with the petitioners' rights under the contract.

Pursuant to the doctrine of primary jurisdiction, the review of determinations to impose discipline and to decline to admit nonresident students is, as a general rule, committed to the Commissioner by reason of the Commissioner's specialized expertise (*see* Education Law § 310 [7]; § 3202 [2]; § 3214; *Matter of Langston v Iroquois Cent. School Dist.,* 291 AD2d 845 [2002]; *Matter of Patti Ann H. v New York Med. Coll.,* 88 AD2d 296 [1982]). When the issue to be determined does not require the special competence of an administrative body, however, the doctrine has no application (*see Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240 [1989]; *Matter of Mandell v Board of Educ. of Syosset Cent. School Dist.,* 243 AD2d 479 [1997]; *Guice v Schwab & Co.,* 214 AD2d 53 [1995], *cert denied* 520 US 1118 [1997]; *Matter of Barone v Board of Coop. Educ. Servs. of Suffolk County, Third Supervisory Dist.,* 125 AD2d 305 [1986]). The interpretation and enforcement of stipulations resolving litigation is not within the Commissioner's specialized expertise. Rather, that task is best accomplished by application of common-law principles of contract law, which lie within the purview of the judiciary (*see e.g. Triomphe Disc Corp. v Chilean Line,* 93 AD2d 228 [1983]; *Airco Alloys Div., Airco, Inc. v Niagara Mohawk Power Corp.,* 65 AD2d 378, 385-386 [1978]). Accordingly, since the petitioners, in ef-

fect, seek to enforce the stipulation of settlement, the courts need not defer to the Commissioner pursuant to the doctrine of primary jurisdiction and may determine the petitioners' claim.

The petitioners are not entitled, however, by contract or otherwise, to enroll their child in Rye High School if he is not a student in good standing (*see* Education Law § 3214 [3] [a], [b] [1]; [c] [1]; *Matter of Mandell v Board of Educ. of Syosset Cent. School Dist., supra*; *Matter of Turner v Kowalski,* 49 AD2d 943, 944 [1975]). The fact that the respondents may have breached the stipulation thus does not, by itself, entitle the petitioners to enroll their son as a nonresident student. Rather, what they are entitled to is a determination by the respondents as to whether their son is a student in good standing, made on the basis of evidence other than that which the respondents agreed to expunge (*cf. Matter of Bastianelli v Board of Educ. of Union Free School Dist. No. 1 of Town of Huntington,* 65 Misc 2d 11, 12 [1970]). Such a determination is committed, in the first instance, to Dr. Shine, in his capacity as superintendent, or to his designee (*see* Education Law § 3214 [3] [a], [c]; *Matter of Mandell v Board of Educ. of Syosset Cent. School Dist., supra*; *Matter of Barone v Board of Coop. Educ. Servs. of Suffolk County, Third Supervisory Dist.,* 125 AD2d 305 [1986]), and the matter must be remitted for that purpose (*see generally Dimele v Potter,* 177 AD2d 755, 755-756 [1991]).

In light of our determination, we need not consider the parties' remaining contentions. Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.