In the Matter of ANDREW J. VERDON, JR., Appellant, v DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [850 NYS2d 580]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Dutchess County Board of Cooperative Educational Services to reinstate the petitioner to his former position, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Brands, J.), dated June 7, 2006, which granted the motion of the respondent Dutchess County Board of Cooperative Educational Services to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss is denied, and the petition is reinstated.

The petitioner was hired by the respondent Dutchess County Board of Cooperative Educational Services (hereinafter BOCES) in 1995 and was awarded tenure on or about July 1, 1999 as the Supervisor for Instructional Services (and/or Educational Resources). In a letter dated March 3, 2005, the District Superintendent of BOCES reprimanded the petitioner for allegedly allowing 21 test booklets to be lost as a result of "considerable dereliction of duty on [the petitioner's] part." The letter demanded that the petitioner promptly write specific security

plans for the scoring process for implementation in 2006 and opined that, "[p]erhaps the better part of wisdom would be for you to seek employment elsewhere." In a letter dated October 7, 2005, the District Superintendent notified the petitioner that his position was being eliminated, effective November 1, 2005.

By letter dated October 25, 2005, Arthur P. Scheuermann, the Director of Legal Services for the School Administrators Association of New York State (hereinafter the Association), notified L. Daniel Carlin, Assistant Superintendent of BOCES, that the Association was representing the petitioner in objecting to the abolition of his position on the grounds that he did not receive adequate notice, that the abolition was motivated by bad faith when attempts to coerce him to resign failed, and that the employment of another employee with less seniority should have been terminated instead of the petitioner.

In a document dated October 28, 2005, and entitled "Position Elimination Rationale," Carlin explained that the petitioner's position was being eliminated because the 2005-2006 budget for his department, school improvement services, faced a shortfall of $44,000 due to the withdrawal of one participating school district's subscription for services.

Thereafter, the petitioner commenced the instant proceeding, claiming that the purported economic rationale of BOCES for abolishing his position was created as a pretext in order to terminate him for "performance/personality/discipline reasons" without providing him with the statutory due process to which he was entitled pursuant to Education Law § 3020-a or the seniority and recall rights to which he was entitled pursuant to Education Law § 3013 (2) and (3). BOCES moved to dismiss the petition on the ground, inter alia, that the issues regarding due process, seniority, and recall rights should be remitted to the Commissioner of Education under the doctrine of primary jurisdiction. The Supreme Court granted the motion and dismissed the proceeding.

As the petitioner correctly contends, the Supreme Court erred in dismissing the proceeding based on the doctrine of primary jurisdiction. "The doctrine of primary jurisdiction provides that where the courts and an administrative agency have concurrent jurisdiction over a dispute involving issues beyond the conventional experience of judges . . . the court will stay its hand until the agency has applied its expertise to the salient questions" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 362 [1987] [internal quotation marks omitted]). "The doctrine . . . 'applies where a claim is originally cognizable in the courts and comes into play whenever enforcement of the claim requires the reso-

lution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views' " (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156 [1988], quoting *United States v Western Pacific R. Co.*, 352 US 59, 64 [1956]).

In the instant case, the petitioner's primary claim, that the termination of his employment was in bad faith, and that the purported economic rationale of BOCES was a subterfuge to deprive him of the statutory protections to which he was entitled, was not an issue within the special competence of the Commissioner of Education, and therefore, the Supreme Court should have retained jurisdiction to decide that claim (*see Cohen v Crown Point Cent. School Dist.*, 306 AD2d 732 [2003]; *Matter of Mucci v City of Binghamton*, 245 AD2d 678, 679 [1997]; *Matter of Terrible v County of Rockland*, 81 AD2d 837, 838 [1981]; *Matter of Weimer v Board of Educ. of Smithtown Cent. School Dist., No. 1*, 74 AD2d 574, 575 [1980]). If the Supreme Court ultimately determines that the petitioner's position was abolished in bad faith, he is entitled to reinstatement. If the Supreme Court ultimately determines that the petitioner's position was not abolished in bad faith, the subsidiary issues of seniority and recall rights become relevant, and would be proper for referral to the Commissioner under the primary jurisdiction doctrine. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.