■ In the Matter of SALLY NEUMANN, Appellant, v WYANDANCH UNION FREE SCHOOL DISTRICT, Respondent. [922 NYS2d 196]—

In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, to recover damages for breach of an employment contract, the petitioner/plaintiff appeals, as limited by her brief,

from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Molia, J.), dated December 16, 2009, as, in effect, granted that branch of the respondent/defendant's motion which was to dismiss the third cause of action alleging breach of contract, and dismissed that cause of action.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the respondent/defendant's motion which was to dismiss the third cause of action alleging breach of contract is denied.

The petitioner/plaintiff, Sally Neumann, was hired by the respondent/defendant, Wyandanch Union Free School District (hereinafter the District), as "Director of Technology" in November 2004. In September 2006, she was transferred to the position of "Assistant Superintendent for Curriculum and Technology," in which she served until September 2008, when the District assigned her to the position of "Assistant Director for Curriculum and Technology." Pursuant to the collective bargaining agreement between the District and the Wyandanch Administrators Association (hereinafter the Association), Neumann's "Director" positions were eligible for tenure and represented by the Association, but the "Assistant Superintendent" position was nontenured and excluded from Association membership.

In July 2008, Neumann entered into an employment contract with the District for her third year of employment as Assistant Superintendent, which provided that the District would pay her a salary of $151,439 from July 1, 2008, through June 30, 2009. The contract also provided that the "terms and conditions of employment" not otherwise addressed in the contract were incorporated from the collective bargaining agreement. Under the collective bargaining agreement, claims relating to its terms were subject to a mandatory grievance process.

In September 2008, following her assignment to the "Assistant Director for Curriculum and Technology" position, the District reduced Neumann's salary to $135,706. In November 2008, the District abolished Neumann's position, and no longer paid her a salary after that date.

Thereafter, Neumann commenced this hybrid CPLR article 78 proceeding and plenary action seeking, inter alia, a judgment declaring that she had acquired tenure by estoppel as a Director, based in part on her service in the Assistant Superintendent position, and damages based on the District's alleged breach of contract when it reduced and finally ceased to pay her the salary provided for in the July 2008 employment agreement.

The Supreme Court dismissed the proceeding/action in its en-

tirety based on the doctrine of primary jurisdiction, and directed Neumann to raise her tenure claim before the Commissioner of Education. On appeal, Neumann contends that the Supreme Court erred in dismissing the third cause of action alleging breach of contract. We agree.

"The doctrine of primary jurisdiction provides that where the courts and an administrative agency have concurrent jurisdiction over a dispute involving issues beyond the conventional experience of judges . . . the court will stay its hand until the agency has applied its expertise to the salient questions" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 362 [1987] [internal quotation marks and citations omitted]). "The doctrine . . . 'applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views' " (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156 [1988], quoting *United States v Western Pacific R. Co.*, 352 US 59, 64 [1956]). However, where the determination does not require the special competence of an administrative agency, the doctrine does not apply (*see Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills*, 4 NY3d 51, 59 [2004]; *Matter of Verdon v Dutchess County Bd. of Coop. Educ. Servs.*, 47 AD3d 941, 943 [2008]; *Matter of Connolly v Rye School Dist.*, 31 AD3d 444, 446 [2006]; *Matter of Mandell v Board of Educ. of Syosset Cent. School Dist.*, 243 AD2d 479, 480 [1997]).

Here, the interpretation and enforcement of Neumann's employment agreement is not within the Commissioner of Education's specialized knowledge and experience; instead, it depends on common-law contract rules that lie within the purview of the judiciary (*see Matter of Connolly v Rye School Dist.*, 31 AD3d at 446). Accordingly, dismissal of the third cause of action alleging breach of contract under the doctrine of primary jurisdiction was improper, and the Supreme Court should have retained jurisdiction to decide that cause of action (*see Matter of Verdon v Dutchess County Bd. of Coop. Educ. Servs.*, 47 AD3d at 943).

The District contends that the dismissal was nevertheless proper because Neumann was required to exhaust her administrative remedies by submitting the matter to the grievance procedure mandated under the collective bargaining agreement. However, by the clear terms of the employment agreement and collective bargaining agreement, Association grievance remedies

were not available to Neumann with respect to the cause of action alleging breach of contract that she interposes here. Consequently, Neumann was entitled to seek judicial review directly, and the third cause of action should not have been dismissed (*see Matter of Bolin v Nassau County Bd. of Coop. Educ. Servs.*, 52 AD3d 704, 707 [2008]; *Matter of Sokol v Granville Cent. School Dist. Bd. of Educ.*, 260 AD2d 692, 693-694 [1999]; *Matter of Van Tassel v County of Orange*, 204 AD2d 560, 561 [1994]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.