# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1035**
**CA 12-00004**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

KEN-VIL ASSOCIATES LIMITED PARTNERSHIP,
AFFINITY RENEWAL DEVELOPMENT LLC,
VILLA MARIA COLLEGE OF BUFFALO AND
ATLANTIC HOUSING FOUNDATION, INC.,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS
AND GALEN D. KIRKLAND, DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW B. AYERS OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (DENNIS C. VACCO OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS KEN-VIL ASSOCIATES LIMITED
PARTNERSHIP AND AFFINITY RENEWAL DEVELOPMENT LLC.

CONNORS & VILARDO LLP, BUFFALO (RANDALL D. WHITE OF COUNSEL), FOR
PLAINTIFF-RESPONDENT ATLANTIC HOUSING FOUNDATION, INC.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered March 14, 2011.  The order denied defendants'
motion to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of defendants'
motion to dismiss the first and third causes of action and as modified
the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking, inter
alia, a judgment declaring that the settlement agreement (Agreement)
that they entered into with defendant New York State Division of Human
Rights (Division) is void and unenforceable and a permanent injunction
prohibiting defendants from enforcing that Agreement.  In lieu of an
answer, defendants moved to dismiss the complaint pursuant to CPLR
3211 (a) (2) and (7) on the ground that, inter alia, Executive Law §
298 provides the exclusive means for reviewing a final determination
of the Division and plaintiffs failed to seek judicial review of the
determination within the statute's 60-day limitations period.  Supreme
Court denied the motion.

We agree with defendants that, insofar as the complaint
challenges the Division's authority to enter into the Agreement and

the circumstances surrounding the execution of the Agreement, it should be dismissed as untimely pursuant to Executive Law § 298.  That statute provides, in relevant part, that "[a]ny complainant, respondent or other person aggrieved by . . . an order of the [D]ivision which makes a final disposition of a complaint may obtain judicial review thereof . . . in a proceeding as provided in this section" (id.).  Such a proceeding "must be instituted within sixty days after the service of such order" (id.; see Matter of Lester v New York State Off. of Parks, Recreation & Historic Preserv., 60 AD3d 680, 681, lv denied 12 NY3d 712; Matter of Gil v New York State Div. of Human Rights, 17 AD3d 365, 366).  Executive Law § 298 provides the "exclusive means" for reviewing a determination of the Division (Matter of Baust v New York State Div. of Human Rights, 70 AD3d 1107, 1108, lv denied 15 NY3d 710).

Here, the Division filed an administrative complaint against, inter alia, plaintiffs Ken-Vil Associates Limited Partnership (Ken-Vil), Affinity Renewal Development LLC (Affinity), and Villa Maria College of Buffalo (Villa Maria), alleging that they were in violation of Executive Law §§ 296 (2-a) and 296 (5) "by developing and renting housing accommodations designed to and with the effect of denying housing to individuals based on, inter alia, their familial status, race, and/or age, and which unlawfully perpetuates segregation and separation in the State of New York."  Ken-Vil, Affinity, Villa Maria and the Division executed a stipulated agreement pursuant to which the Division agreed to withdraw the complaint without prejudice in order to facilitate settlement discussions.  Thereafter, plaintiffs and the Division entered into the Agreement at issue herein, the terms of which were incorporated into an order of the Division (Order).  Pursuant to the terms of the Agreement, the Division agreed to terminate its investigation of plaintiffs and to amend the stipulated agreement to provide that the complaint was dismissed "with prejudice".  We thus agree with the Division that the Order "final[ly] dispos[ed] of [the] complaint" (§ 298), and that the statute's 60-day limitations period therefore began to run on the date the Order was served.

We further agree with the Division that plaintiffs are precluded from challenging the Order, the underlying Agreement, and the circumstances surrounding the execution of the Agreement because they failed to commence a proceeding pursuant to Executive Law § 298 within the 60-day limitations period (see id.), and because they could have, but did not, raise those issues in such a proceeding (see Matter of Tessy Plastics Corp. v State Div. of Human Rights, 47 NY2d 789, 791).  Notably, a declaratory judgment action may not be used to extend the relevant limitations period (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 201, rearg denied 84 NY2d 865).  We therefore modify the order by dismissing the first cause of action, which alleges that the Agreement is void because the Division lacked the authority to enter into a settlement agreement without first determining that there was probable cause to believe that plaintiffs engaged in an unlawful discriminating practice, and the third cause of action, which alleges that the Agreement is void because it was entered into under duress.

Contrary to the contention of defendants, however, we conclude that the court properly denied the Division's motion to dismiss the complaint insofar as it challenges the validity of the Agreement based upon events occurring after execution of the Agreement.  Initially, we note that defendants' primary jurisdiction and ripeness contentions are not properly before us inasmuch as they are raised for the first time on appeal (*see Avraham v Allied Realty Corp.*, 8 AD3d 1079, 1079).  In any event, those contentions are without merit.

The doctrine of primary jurisdiction applies when the determination of an action " 'requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body' . . . The doctrine is intended to coordinate the relationship between courts and administrative agencies so that, among other things, the agency's views on factual and technical issues are made available where the matter before the court is within the agency's specialized field" (*Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. School Dist.*, 286 AD2d 388, 388, quoting *United States v Western Pac. R.R. Co.*, 352 US 59, 64).  Thus, "in such a case[,] the judicial process is suspended pending referral of such issues to the administrative body for its views" (*Matter of Langston v Iroquois Cent. School Dist.*, 291 AD2d 845, 845 [internal quotation marks omitted]).

Here, plaintiffs allege in their second, fourth, and fifth causes of action that the Agreement is void for failure of conditions precedent, frustration of purpose, and impossibility of performance based upon their failure to obtain anticipated tax-exempt bond financing.  There is nothing in the Human Rights Law (Executive Law § 290 *et seq.*) or the Division's Rules of Practice (9 NYCRR 465.1 *et seq.*) that places a determination of whether a settlement agreement is void on those grounds within the special competence of the Division (*cf. Langston*, 291 AD2d at 845).  Instead, such a determination requires the application of general contract principles rather than the use of any "specialized knowledge [or] expertise" of the Division (*Donato*, 286 AD2d at 388; *see generally Neumann v Wyandanch Union Free School Dist.*, 84 AD3d 816, 818).

We further conclude that plaintiffs' challenges to the Agreement are ripe for judicial review inasmuch as the Order is final, and there is no administrative proceeding available to raise the issues set forth in the second, fourth, and fifth causes of action (*see generally Matter of Gordon v Rush*, 100 NY2d 236, 242).  While plaintiffs theoretically could raise those issues as defenses in a compliance proceeding brought by the Division, the Division has not commenced such a proceeding (*see* Executive Law § 297 [7]; 9 NYCRR 465.18).  In light of the fact that an action for a declaratory judgment is "governed by equitable principles" (*Krieger v Krieger*, 25 NY2d 364, 370), we conclude that plaintiffs, by reason of the Division's delay in seeking compliance with the Order, should not be foreclosed from obtaining judicial review of the second, fourth, and fifth causes of

action.

Entered:  November 9, 2012                    Frances E. Cafarell
                                               Clerk of the Court