Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y. (2024 NY Slip Op 01708)

Matter of East End Hangars, Inc. v Town of E. Hampton, N.Y.

2024 NY Slip Op 01708

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

[*1]In the Matter of East End Hangars, Inc., et al., respondents, 
v
Town of East Hampton, New York, appellant. (Proceeding/Action No. 1)
In the Matter of Coalition to Keep East Hampton Airport Open, Ltd., et al., respondents,
v
Town of East Hampton, New York, appellant. (Proceeding/Action No. 2)
In the Matter of Blade Air Mobility, Inc., et al., respondents,
v
Town of East Hampton, New York, et al., appellants. (Proceeding/Action No. 3)

Cooley LLP, New York, NY (Philip M. Bowman and William V. O'Connor, pro hac vice, of counsel), for appellants in Proceeding/Action Nos. 1, 2, and 3.
Pillsbury Winthrop Shaw Pittman LLP, New York, NY (James M. Catterson, Rolando T. Acosta, Brianna Walsh, and Danielle Stefanucci of counsel), for East End Hangars, Inc., and Hampton Hangars, Inc., respondents in Proceeding/Action No. 1.
Holwell Shuster & Goldberg LLP, New York, NY (Jayme A. Jonat of counsel), for Lynden Restrepo, respondent in Proceeding/Action No. 1.
King & Spalding LLP, New York, NY (Randy M. Mastro, Casey Kyung-Se Lee, and Lauren Myers of counsel), for Blade Air Mobility, Inc., Bonnie Brady, Thomas Dean, Jason Deland, Lisa Deveglio, Michael Donnelly, and Alicia Whitaker, respondents in Proceeding/Action No. 3.

DECISION & ORDER
In three related hybrid proceedings pursuant to CPLR article 78 to review a determination of the Town of East Hampton, New York, dated January 20, 2022, as amended by a subsequent determination dated February 17, 2022, authorizing the closure of the Town of East Hampton Airport as a public use airport and its subsequent reopening as a private use airport, and actions for injunctive relief, Town of East Hampton, New York, the respondent/defendant in Proceeding/Action Nos. 1 and 2 and a respondent/defendant in Proceeding/Action No. 3, and Town Board of the Town of East Hampton and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, respondents/defendants in Proceeding/Action No. 3, appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated October [*2]19, 2022. The order and judgment, insofar as appealed from, (1) denied the motions of Town of East Hampton, New York, pursuant to CPLR 3211 to dismiss the amended petitions/complaints in Proceeding/Action Nos. 1 and 2, and the separate motion of Town of East Hampton, New York, Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, pursuant to CPLR 3211 to dismiss the amended petition/complaint in Proceeding/Action No. 3, (2) granted the amended petitions in Proceeding/Action Nos. 1, 2, and 3, and in effect, annulled the determination, as amended, and (3) enjoined Town of East Hampton, New York, from deactivating or closing the Town of East Hampton Airport.
ORDERED that the appeal by Town Board of the Town of East Hampton and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, from so much of the order and judgment as denied the motions of Town of East Hampton, New York, pursuant to CPLR 3211 to dismiss the amended petitions/complaints in Proceeding/Action Nos. 1 and 2, and granted the amended petitions in Proceeding/Action Nos. 1 and 2, is dismissed, as Town Board of the Town of East Hampton and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, are not aggrieved by that portion of the order and judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof enjoining Town of East Hampton, New York, from deactivating or closing the Town of East Hampton Airport, and substituting therefor a provision enjoining Town of East Hampton, New York, from deactivating or closing the Town of East Hampton Airport based on the resolutions in the determination dated January 20, 2022, as amended by the subsequent determination dated February 17, 2022; as so modified, the order and judgment is affirmed insofar as appealed from by Town of East Hampton, New York, and insofar as reviewed on the appeal by Town Board of the Town of East Hampton and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor; and it is further,
ORDERED that one bill of costs is awarded to the respondents, appearing separately and filing separate briefs.
Town of East Hampton, New York, a municipal corporation, owned and sponsored the Town of East Hampton Airport (hereinafter the airport). The airport was operated as a public use airport and served fixed-wing and rotary commercial and noncommercial aircraft.
In 2015, in response to complaints from Town residents regarding noise from the airport, the Town enacted local laws establishing, among other things, a curfew for aircraft using the airport and a limitation of one roundtrip per week for "noisy" aircraft. Shortly thereafter, a group of airport users and aviation companies that frequently used the airport commenced an action in the United States District Court for the Eastern District of New York, contending, inter alia, that the Town failed to comply with the procedural requirements of the Airport Noise and Capacity Act of 1990 (hereinafter ANCA; see 49 USC §§ 47521-47534; Friends of the E. Hampton Airport, Inc. v Town of E. Hampton, 152 F Supp 3d 90, 95 [ED NY], affd in part 841 F3d 133 [2d Cir]). After the District Court granted in part and denied in part a motion for a preliminary injunction, the parties cross-appealed to the United States Court of Appeals for the Second Circuit (see Friends of the E. Hampton Airport, Inc. v Town of E. Hampton, 841 F3d at 136). Among other things, the Second Circuit held that ANCA's procedural mandates for local laws restricting noise and access to public airports apply to all public airport proprietors without regard to their eligibility for federal funding, and, accordingly, the plaintiffs in that action were entitled to a preliminary injunction barring the enforcement of the local laws (see id. at 147-152, 155).
On January 20, 2022, the Town enacted a resolution to deactivate the airport as a public use airport on February 28, 2022, and reopen the airport as a private use airport on March 4, 2022. In response to concerns raised by the Federal Aviation Administration (hereinafter the FAA), on February 17, 2022, the Town enacted an amended resolution that postponed the deactivation of the airport as a public use airport to May 17, 2022, and its reopening as a private use airport to May 19, 2022.
In February 2022, the petitioners/plaintiffs, which included, among others, aviation companies and hangar associations that operated out of the airport, commenced these related hybrid proceedings pursuant to CPLR article 78 to annul the Town's resolution dated January 20, 2022, as amended by the subsequent resolution dated February 17, 2022, and actions for injunctive relief. The petitioners/plaintiffs contended that the Town made an arbitrary, capricious, and reckless decision to close the airport as a public use airport and reopen it as a private use airport, and that the Town's actions constituted a clear violation of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and an attempt to circumvent the procedural requirements of ANCA. The Town, the respondent/defendant in Proceeding/Action Nos. 1 and 2, separately moved in each of those proceedings/actions pursuant to CPLR 3211 to dismiss the amended petitions/complaints, and the Town, Town Board of the Town of East Hampton, and Peter Van Scoyoc, in his official capacity as East Hampton Town Supervisor, the respondents/defendants in Proceeding/Action No. 3 (hereinafter collectively the respondents/defendants), moved in that proceeding/action pursuant to CPLR 3211 to dismiss the amended petition/complaint. The respondents/defendants contended, inter alia, that ANCA does not apply to airport closures or private use airports.
By order and judgment dated October 19, 2022, the Supreme Court, inter alia, denied the respondents/defendants' motions, granted the amended petitions, and enjoined the Town from deactivating or closing the airport. The respondents/defendants appeal.
"'The mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances'" (Matter of Alvarez v Annucci, 186 AD3d 704, 705, affd 38 NY3d 974, quoting Matter of Melinda D., 31 AD3d 24, 28). Contrary to the respondents/defendants' contention, these proceedings/actions were not rendered academic due to the FAA changing the identifier for the airport from HTO to JPX (see Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723).
Contrary to the respondents/defendants' further contention, the Supreme Court properly addressed the petitioners/plaintiffs' ANCA claims. "The doctrine of primary jurisdiction 'generally enjoins courts having concurrent jurisdiction to refrain from adjudicating disputes within an administrative agency's authority, particularly where the agency's specialized experience and technical expertise is involved'" (Massaro v Jaina Network Sys., Inc., 106 AD3d 701, 702, quoting Sohn v Calderon, 78 NY2d 755, 768; see Matter of Neumann v Wyandanch Union Free School Dist., 84 AD3d 816, 818). "However, where the determination does not require the special competence of an administrative agency, the doctrine does not apply" (Matter of Neumann v Wyandanch Union Free School Dist., 84 AD3d at 818). Here, the issue of whether the Town was required to comply with the procedural requirements of ANCA does not require the special competence of the FAA, and, thus, the doctrine of primary jurisdiction does not apply (see generally Matter of Razzano v Remsenburg-Speonk UFSD, 95 AD3d 1335; Matter of Neumann v Wyandanch Union Free School Dist., 84 AD3d at 818; Matter of Verdon v Dutchess County Bd. of Coop. Educ. Servs., 47 AD3d 941; Friends of the E. Hampton Airport, Inc. v Town of E. Hampton, 841 F3d 133; Scott Aviation, Inc. v Dupage Airport Auth., 393 F Supp 2d 638, 646 [ND Ill]).
"In reviewing the subject resolution pursuant to CPLR article 78, the inquiry is limited to whether the resolution was 'made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1011, quoting Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1007; see CPLR 7803[3]). Here, the Supreme Court properly determined that the Town's complained-of action was affected by an error of law and was arbitrary and capricious, as the Town failed to comply with the applicable procedural requirements of ANCA. Contrary to the respondents/defendants' contentions, the procedural requirements of ANCA at issue here applied to the Town's determination to close the airport as a public use airport and reopen it a few days later as a private use airport (see 49 USC § 47524[a]-[c]; 14 CFR 161.3, 161.5,161.205[a]; 161.303[a]; Friends of the E. Hampton Airport, Inc. v Town of E. Hampton, 841 F3d at 147-152, 155; see also 14 CFR part 157). However, the court should have only enjoined the Town from deactivating or closing the airport based on the resolutions in the determination dated January 20, 2022, as amended by the subsequent determination dated February [*3]17, 2022, and we modify the order and judgment accordingly.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court